34 P.(2d) 294

**AMBROSE et ux. v. REPUBLIC MORT-GAGE CO.**

No. 3911.

Supreme Court of New Mexico.

June 25, 1934.

McIntosh & Chavez, of Santa Fé, for appellant.

Mann & Wilson, of Albuquerque, for appellees.

HUDSPETH, Justice.

This is an appeal from an order overruling a motion to set aside a default judgment.

On April 18, 1932, appellees executed in favor of appellant a negotiable note for $2,000, payable in forty equal monthly installments, the first of which was due on May 18, 1932. The note was secured by a mortgage on certain described real estate located in McKinley county and by a pledge to appellant of a savings certificate issued by appellant. In December of 1932, appellees sought to retire said note by applying thereto credits due them on the savings certificate and paying the balance in cash. The parties were, however, unable to agree as to the cash surrender value of the certificate, and on February 10, 1933, appellees began suit to obtain an adjudication thereof. Thirty-one days after the service of summons upon appellant, appellees obtained a default decree ordering appellant to credit appellees with the value of the savings certificate as fixed by the court, to accept the cash deposited in the registry of the court by appellees in full satisfaction of the note, to surrender said note and to release of record the mortgage securing said note. Four days later appellant moved to vacate the decree rendered.

In addition to setting forth the circumstances explanatory of defendant's failure to answer seasonably and to alleging facts in de-

fense of the suit on its merits, appellant alleged in its moving papers that it was not then, nor had it been at the time of the commencement of the suit, the holder of the note and mortgage. Attached to the motion as exhibits were photostatic copies of the note and mortgage showing an assignment by indorsement of the note and a duly recorded assignment of the real estate mortgage on May 16, 1932, to the Republic Building & Loan Association. It was further alleged that, in the event the decree should be vacated, the Republic Building & Loan Association, the assignee and present holder of the note and mortgage, desired and intended to intervene in the present suit, to which it had not been made a party.

The admitted facts are that, promptly upon the service of summons, appellant employed counsel to represent it in the litigation; that two conferences were held by the attorneys for the respective parties looking to a settlement; that in the last conference the matter of the time which appellant might have within which to file an answer was mentioned. The recollections of the attorneys as to the substance of their conversation on this subject differ, but it is agreed that the subject was discussed. On March 13th, the date upon which the time prescribed by statute for the filing of answer expired, appellant's attorney wrote to the attorneys for appellees requesting ten days' additional time within which to make answer. The default judgment was entered the next day.

 Appellant's counsel was negligent in failing to file an appearance within the time prescribed by statute. In Gilbert v. New Mexico Construction Co., 35 N. M. 262, 295 P. 291, we refused to reverse an order vacating a default judgment upon the prompt application of a defendant who had negligently permitted the decree to be entered. The basis of the decision was that the granting of such motion to vacate a default judgment and permit the interposition of a defense was, by virtue of section 105-801 of the 1929 Compilation, a matter within the discretion of the trial court, and that that discretion was not defeated by the fact that defendant's failure to appear was negligent. We are not prepared, on the basis of anything said in that case, or in the later case of Dyne v. McCullough, 36 N. M. 122, 9 P.(2d) 385, cited in the briefs, to hold it an abuse of discretion for a trial court to refuse, because of defendant's negligence, to grant a prompt application to set aside a default. To so hold would nullify the provisions of section 105-303 of the 1929 Compilation. But the trial court's discretion, though wide and not lightly to be interfered with, is not limitless, and there are circumstances under which a refusal to vacate would be an abuse of discretion. We believe the instant case presents an instance of such circumstances. The holder of the note and mortgage, not having been made a party to the proceeding, is admittedly not bound by the decree entered, and the nature of the decree rendered is such that contempt of court is the only possible device by which its enforcement against the defendant might be sought. Though neither the plaintiff nor the court were apprised of the true state of the facts at the time of the entry of the decree, nevertheless, we are of the opinion that when they

were called to its attention promptly thereafter, and the application to vacate was coupled with an offer to bring before the court all parties necessary to a complete determination of the controversy and to the rendition of an effective decree, the court should have granted the application to vacate, imposing upon the negligent party such terms as it should deem proper.

The order appealed from will be reversed and the cause remanded with directions to the district court to set aside the default decree and the award of costs therein made. The costs in this court will be taxed against appellant. It is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.