372 P.2d 828

BOARD OF COUNTY COMMISSIONERS OF SIERRA COUNTY, New Mexico, Petitioner-Appellee,

v.

Palmer BOYD and Mary Boyd, his wife, Defendants-Appellants.

No. 7129.

Supreme Court of New Mexico.

June 28, 1962.

Nils T. Kjellstrom, David F. Boyd, Jr., Albuquerque, for appellants.

Earl E. Hartley, Atty. Gen., M. W. Hamilton, Hadley Kelsey, Joseph L. Droege, Epifanio Garcia, John C. Worden, M. J. Underwood, Sp. Attys. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

The cause before us arises out of eminent domain proceedings instituted by the Board of County Commissioners of Sierra County, against Palmer Boyd and Mary Boyd, appellants herein, and others. The action was filed pursuant to what is termed a "special alternative procedure," §§ 22-9-39 to 22-9-54, N.M.S.A., 1961 Pocket Supp.

The trial court entered a default judgment against appellants on February 21, 1961, and determined that the amount of just compensation due appellants for all property taken was $0.00. On March 7, 1961, appellants, through their attorney, filed a motion to set aside the default judgment on the ground that appellants believed that the notice originally served upon them concerning this cause related to the right of appellee to enter the premises described in the petition and did not relate to the question of compensation due appellants for the taking of the land. The record shows a certificate of mailing of this motion. Pursuant to said motion and for good cause shown, the trial court, by order on March 7, 1961, set aside the default judgment and granted appellants twenty days from the date of filing of said order within which to answer said cause.

On March 28, 1961, appellee filed a motion to vacate the order of March 7, 1961, on the ground that appellants had failed to file their answer within twenty days from March 7, 1961, the date of the filing of the order vacating the default judgment. On March 30, 1961, the trial court by order vacated the March 7, 1961, order and reinstated the default judgment filed on February 21, 1961.

On March 31, 1961, appellants filed their answer to appellee's original petition, alleging that a dwelling house and dam located on the condemned property was of the value of $5000 and prayed for judgment in that amount. Thereafter, on April 7, 1961, appellants filed a motion to set aside and vacate the order of March 30, 1961, reinstating the original default judgment, on the ground that appellee had notice that appellants intended to appear and litigate the issues on the merits and that appellants had appeared in said cause. Appellants' motion also set out that appellee, in securing the order of March 30, 1961, did not serve notice upon appellants as required by § 21-1-1(55) (b), N.M.S.A., 1953 Comp.

On November 29, 1961, the trial court, by order denied appellants' motion to set aside the order and judgment dated March 29, 1961, and the reinstated default judgment was confirmed. From said order appellants were granted an appeal and are now before this court.

The sole issue before us is whether Rule 55(b), being § 21-1-1(55) (b), supra, is applicable in this case.

Appellee apparently concedes that our Rules of Civil Procedure are applicable in eminent domain actions, but argues that Rule 55(b), supra, was not intended to apply where a trial court has ordered that an answer be filed within twenty days.

The special alternative procedure, § 22-9-51(B) and (C), N.M.S.A., 1961 Pocket Supp., provides the following method for entry of default:

"B. If any defendant has failed to appear or answer within the time allowed, and the clerk has entered his default, then the court shall conduct such hearings as it deems necessary and proper to determine the amount of just compensation due the defendant.

"C. For the purpose of the hearing required in subsections A and B above, the court may consider by affidavit or other proof of the value of the property taken, the damage, if any, which may result from the occupation and condemnation, and the amount offered as set forth in the petition and shall enter such judgment as it deems proper."

Rule 55(a), being § 21-1-1(55) (a), Rule 55(b), being § 21-1-1(55) (b), and Rule 55(c), being § 21-1-1(55) (c), N.M.S.A., 1953 Comp., provides:

"(a) ENTRY. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

"(b) JUDGMENT. Judgment by default may be entered as follows: In all cases the party entitled to a judgment by default shall apply to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application; * * *.

"(c) SETTING ASIDE DEFAULT. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60."

The trial court, evidently acting under Rule 60(b) (6), § 21–1–1(60) (b) (6), N.M.S.A., 1953 Comp., and exercising its sound discretion, set aside the default judgment and granted appellants twenty days within which to answer. Thus upon the expiration of twenty days, if appellants had not answered, appellee was then entitled to apply for a judgment. This appellee could do under Rule 55(b), supra, by serving upon appellants' representatives written notice of their application for judgment at least three days prior to the hearing on such application. This appellee failed to do, but instead on March 28, 1961, filed a motion to vacate

the order of March 7, 1961, and on March 30, 1961, the trial court vacated the March 7, 1961, order and reinstated the original default judgment.

Appellee contends that it proceeded under the special alternative procedure in obtaining its original default judgment. As we read § 22–9–51(b), supra, if any defendant fails to appear or answer within the time allowed (30 days), and the clerk has entered his default, then the court shall conduct such hearings as it deems necessary and proper to determine the amount of just compensation due to the defendant. We see no inconsistency between § 22–9–51(b) and Rule 55(b), supra. Section 22–9–51 contemplates that after entry of default by the clerk, the court shall conduct a hearing and determine the amount of just compensation due a condemnee. This is in recognition of Art. II, § 18, of our constitution, which provides that no person shall be deprived of his property without due process of law, and of Art. II, § 20, which provides that property shall not be taken or damaged for public use without just compensation.

The trial court, in its final order, did not proceed in conformity with § 22–9–51, supra. The record fails to show that the clerk entered its default which is the initial step in obtaining the subsequent entry of a judgment. The trial court merely denied appellants' motion to vacate the

March 30, 1961, order and reinstated the original default judgment. This was clearly an entry of a default judgment.

It is our view that under the pleadings and record in this case, Rule 55(b), supra, is applicable and that appellants, having filed their motion to set aside the original default judgment and the trial court having acted thereon, entered their appearance in the case within the contemplation of Rule 55(b), supra. Accordingly, if appellee desired to apply to the trial court for a default judgment, it was incumbent upon appellee to serve appellants with written notice of the application for judgment at least three days prior to the hearing on such application. Failure to give the required notice requires an appellate court to reverse a default judgment. Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R. 2d 830; Hoffman v. New Jersey Federation of Young Men's and Young Women's Hebrew Ass'ns, (3 CCA 1939), 106 F.2d 204; Commercial Casualty Ins. Co. v. White Line Transfer & Storage Co., (8 CCA 1940), 114 F.2d 946; Phoenix Metals Corp. v. Roth, (1955), 79 Ariz. 106, 284 P.2d 645.

We might say in passing that we are not impressed with the argument of one of appellants' counsel to the effect that he did not know when the order setting aside the default judgment was filed; hence his excuse for not filing the answer until March 31, 1961. It was his duty to inquire and find out when the order was filed and to have acted accordingly. In the case before us, however, there are no intervening equities and the court should be liberal in its determination of what is a good excuse, to the end that final disposition may be made of this case according to the merits, rather than otherwise.

The judgment of the trial court is reversed with instructions to set aside its final order; to reinstate the cause on the docket; and proceed in a manner not inconsistent with what we have said.

It is so ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.