385 P.2d 70

**Vera GILMORE, Plaintiff-Appellant,**

v.

**Bruce GRIFFITH and S. J. Hayman,
Defendants-Appellees.**

No. 7226.

Supreme Court of New Mexico.

Sept. 3, 1963.

F. L. Nohl, Albuquerque, for appellant.

Jethro S. Vaught, Jr., Albuquerque, for appellee Bruce Griffith.

Edward E. Colby, Albuquerque, for appellee S. J. Hayman.

CHAVEZ, Justice.

Vera Gilmore, plaintiff below, appeals from the action of the district court in setting aside a default judgment entered against appellees, Bruce Griffith and S. J. Hayman.

Appellant filed suit on March 9, 1961, to recover on certain gambling losses of her husband. Process was served upon appellee Hayman on March 15, 1961, and on appellee Griffith on April 18, 1961. Judgment on default was entered on March 27, 1962, in the amount of $2500 against Griffith, and a similar judgment in the amount of

$463 was entered against Hayman on the same date. On March 30, 1962, Hayman filed a motion to set aside the default judgment and, on the same day, filed an answer. Hayman filed an amended answer on April 17, 1962, and, on the same day, Griffith filed a motion to set aside the default judgment, accompanied by a proposed answer. The district court, on April 25, 1962, entered an order setting aside the default judgment as to appellee Griffith and, on the same day, Griffith filed his answer. On April 26, 1962, the district court set aside the default judgment entered against appellee Hayman.

Appellant's cause of action is based upon the following statutes (N.M.S.A., 1953 Comp.):

"22–10–1. Money and property losses—Loser's right of action for recovery—Nature of remedy.—Any person who shall lose any money or property at any game at cards, or at any gambling device, may recover the same by action of debt, if money; if property, by action of trover, replevin or detinue.

"22–10–2. Contents of complaint.— In such action it shall be sufficient for the plaintiff to declare generally as in actions for debt for money had and received for the plaintiff's use, or as in actions of trover or detinue for a supposed finding and the detaining or converting the property of the plaintiff to the use of the defendant whereby an action hath accrued to the plaintiff.

"22–10–3. Action maintainable by wife, children, heirs, executors, administrators and creditors of loser.—The wife, children, heirs, executors, administrators and creditors of the person losing, may have the same remedy against the winner as provided in the preceding section."

Appellant's sole point is that the trial court abused its discretion in setting aside the default judgments.

It is settled that the action of the trial court, in setting aside a default judgment under Rule 60(b), Rules of Civil Procedure, (§ 21–1–1(60) (b), N.M.S.A., 1953 Comp.), is discretionary. Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830; Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797. In Starnes v. Starnes, 72 N.M. 142, 381 P.2d 423, we held that, where good cause is shown, the order of the district court in setting aside a default judgment will only be disturbed for an abuse of discretion.

Appellee Hayman's motion to set aside the default judgment pleads inadvertence and excusable neglect, in that he was advised by W. C. Gilmore that the Gilmore divorce action would terminate this suit, and that Hayman was lulled into a false sense of security and excusable neg-

lect. Rule 60(b), supra. In his answer, Hayman denied that he is indebted to appellant Vera Gilmore in the sum of $463, or for any other sum.

Appellee Griffith's motion to set aside the default judgment pleads inadvertence and excusable neglect in having failed to answer; that Griffith had been under the impression that an injunction was in effect against the prosecution of said cause, and that by reason thereof, he was of the opinion no answer was required; and that he had been advised and believed that the issues involved in this case would be disposed of and terminated by a divorce suit between Vera Gilmore and W. C. Gilmore, her husband. Griffith, in his answer, denied that he is indebted to appellant in the sum of $2500.

Appellees direct our attention to, and we take judicial knowledge of, the record in case No. 7068 on the docket of this court, entitled Vera Gilmore, plaintiff-appellant, v. William Curtis Gilmore, defendant-appellee, wherein plaintiff sued defendant for a divorce and division of community property, and which said cause shows the following: That on March 28, 1961, the district court of Bernalillo County, New Mexico, by order enjoined plaintiff from proceeding further with the case at bar, and further enjoined plaintiff from filing any other law suits against any persons without the permission of the court first had and obtained; that on April 4, 1961, an order of the district court was entered which provided that plaintiff may file suit or otherwise proceed as authorized by law against certain named defendants, and may complete service of process upon said persons, but enjoined plaintiff from proceeding further therein until the trial on the merits of the divorce action; that plaintiff, feeling aggrieved by said orders entered by the district court, appealed said cause to this court in cause No. 7068, and that the appeal in said cause was dismissed by this court on January 3, 1962.

The record on appeal in the instant case does not disclose what was presented to the district court with respect to the matters alleged in appellees' motions to set aside the default judgments. The only finding made by the district court is the general one, that the motions were well taken and that the relief prayed for should be granted. The district court then ordered that the judgments should be set aside. The district court, being the trier of the facts, under the circumstances, we cannot say that there was an abuse of discretion. Hoover v. City of Albuquerque, 56 N.M. 525, 245 P.2d 1038; Fairchild v. United Service Corporation, 52 N.M. 289, 197 P.2d 875; Henderson v. Dreyfus, 26 N.M. 262, 191 P. 455.

The action of the district court is affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.