404 P.2d 565

Millard WEISBERG and Sylvia Weisberg, Plaintiffs-Appellants,

v.

Lawrence A. GARCIA, Defendant-Appellee.

No. 7730.

Supreme Court of New Mexico.

Aug. 2, 1965.

Paul A. Phillips, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from an order setting aside a default judgment. The complaint was filed on April 28, 1964, alleging breach of contract and negligence of defendant in the supervision and inspection of a residence designed by defendant, a licensed architect. The summons and complaint were served on May 4, 1964, and judgment by default was entered on June 24, 1964. On July 2, 1964, defendant, by his attorneys, filed a motion to set aside the default judgment on the ground that:

"* * * it was entered by default and through the failure of defendant by mistake, inadvertence or excusable neglect to enter a defense heretofore."

A hearing was had on the motion on July 10, 1964, and the trial court found:

"* * * that judgment was entered by default and that the default was a result of the mistake, inadvertence or excusable neglect of the defendant."

The trial court vacated the judgment and ordered defendant to pay court costs to plaintiffs' attorney. On July 17, 1964, defendant's answer was filed and on July 27, 1964, plaintiffs filed their notice of appeal.

Defendant testified that, after he was served on May 4, 1964, he immediately called his insurance company's agents, through whom he had purchased a professional liability insurance policy, and within a few days they sent a representative, a Mr. Wetzel, to defendant's office. Wetzel took the complaint, the insurance policy and defendant's file covering plaintiffs' house and told defendant that "he would contact my insurance company and that the matter would be taken care of." Defendant

heard nothing further about the case until after the default judgment. Defendant estimated that the papers were turned over to Wetzel on May 6 or 7, 1964.

Wetzel testified that on April 29, 1964, he received a copy of the summons and complaint and wrote to the Continental National Group in Denver, the insurance carrier, asking them about the coverage. On May 8, 1964, the insurance carrier answered, saying they were creating a file but did not answer definitely regarding the coverage and, to the date of the hearing, the insurance carrier had not answered with respect to the question of coverage. Wetzel further testified:

> "A. * * * I had a man—there were only two in our office—and I had a man working for me on vacation and I was called out of town and, although I had pulled the file, I just didn't get to it to take any more appropriate action."

Robert Spratt, general manager of the adjusting agency, Salt Lake City, testified that, although he customarily handled the adjusting for Continental Insurance Company upon assignment, his office had not received any communication from Continental Insurance Company regarding whether or not they would accept Mr. Garcia's defense, and that they did have coverage on him.

Mr. Mullins, representing defendant, testified that he was retained for Mr. Garcia by Mr. Wetzel and that he, Mr. Wetzel and Mr. Garcia went over the policies carefully:

> "A. * * * especially as his deductible was the main thing involved here, and I think we arrived at the proper amount of deductible, and I think probably there will be coverage, the way I read the policy, but we have received no communication from this company and I don't know whether they are going to employ us, or whether they are going to accept coverage or not."

Wetzel also testified that he did not contact plaintiffs' attorney until the day after he saw the notice in the newspaper that default judgment had been entered.

Appellants' sole contention is that the trial court abused its discretion in setting aside the default judgment. They argue that there is a complete absence of justification for failure to answer on the part of the persons who are the real parties in interest. They say that there was some question as to coverage and some question as to the deductible features of the policy, but that neither the carrier nor its adjusters ever communicated with the insured, the defendant, or with counsel for plaintiffs, and that they did not retain counsel until after reading of the default judgment in the newspaper. They further argue that defendant may have a claim for tort against the carrier.

■ Regardless of appellants' contentions, appellee Garcia is the real party concerned. The default judgment was rendered against him and he filed the motion to vacate the default judgment. The question of whether or not he is covered under the terms of the insurance policy is immaterial on this appeal.

Section 21–1–1(60)(b), N.M.S.A., 1953 Comp., provides that on motion and upon terms that are just, the district court may relieve a party from a final judgment because of mistake, inadvertence, surprise, or excusable neglect. Section 21–1–1(55)(c), N.M.S.A., 1953 Comp., provides that, for good cause shown, the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60.

■ It is settled that the action of the trial court, in setting aside a default judgment, is discretionary under Rule 60(b). Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830; Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797; Gilmore v. Griffith, 73 N.M. 15, 385 P.2d 70.

■ There is no showing of any intervening equities. Where there are no intervening equities, any doubt should, as, a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits. General Telephone Corporation v. General Telephone Answering Service, (5 CCA 1960), 277 F.2d 919.

This court has said that where there are no intervening equities, the trial court should be liberal in determining what is a good excuse, so that disposition may be made of the cause on the merits. Board of County Commissioners of Sierra County v. Boyd, 70 N.M. 254, 372 P.2d 828.

This case is clearly distinguishable from Rogers v. Lyle Adjustment Company, supra.

■ Under the facts and circumstances disclosed in this case, we are unable to say that the trial court abused its discretion in setting aside the default judgment.

The order setting aside the default judgment is affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.