459 P.2d 138

**CONEJOS COUNTY LUMBER COMPANY,**
Plaintiff-Appellee,

v.

**CITIZENS SAVINGS & LOAN ASSOCIA-
TION,** Garnishee-Appellant.

No. 8805.

Supreme Court of New Mexico.

Sept. 22, 1969.

Hines & Mistretta, Albuquerque, for appellant.

Montgomery, Federici, Andrews, Hannahs & Morris, Sumner G. Buell, Santa Fe, for appellee.

## OPINION

MUSGROVE, District Judge.

This is an appeal from an order denying a motion to set aside a default judgment.

On May 2, 1967, a judgment in the amount of $2,058.18 was entered for appellee and against defendant Jack S. Elder. A writ of garnishment was issued and served on garnishee-appellant on January 3, 1968. On February 14, 1968, the appellant having failed to answer the writ of garnishment, a default judgment in the amount of $2,058.18 was entered for appellee against appellant. On March 19, 1968, appellant filed a motion to set aside the default judgment on the grounds of mistake and inadvertence or excusable neglect of its officer, and that the garnishee had a meritorious defense. To this was attached an affidavit of appellant's vice-president stating that he had received the writ but that it was lost and that he had forgotten to notify appellant's attorneys that it had been served. Following a hearing on the motion, an order denying it was entered September 26, 1968.

**614**

■ Appellant argues that the denial of the motion was an abuse of discretion. Our rules provide for the setting aside of a default judgment for good cause shown. Secs. 21-1-1(55) and (60), N.M. S.A.1953. This is a matter addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of that discretion. Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965); Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797 (1962). Discretion, in this sense, is abused only when the trial judge has acted arbitrarily or unreasonably. In this case, however, the record does not contain a transcript of the hearing on the motion to set aside the default judgment, nor does it contain any requested findings and conclusions. It is the duty of a litigant desiring review of a ruling of the trial court to see that a record is made of the proceedings he desires reviewed. Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968); General Services Corp. v. Board of Commissioners, 75 N.M. 550, 408 P.2d 51 (1965). The order denying the motion to set aside the default judgment was based on a review of the court file and the affidavit of appellant's vice-president which was not disputed by appellee. The court file would indicate no effort on appellant's part to get a timely hearing on its motion. From the record before us, we cannot say that the trial court abused its discretion. Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797 (1965); Wooley v. Wicker, supra.

■ Appellant argues that the default judgment entered against it is void because the amount was unliquidated and was granted without proof. Sec. 21-1-1(55) (e), N.M.S.A.1953. This argument must fail. The amount had been fixed by operation of law when the judgment against the principal debtor Jack Elder was entered prior to the issuance of the writ of garnishment against appellant. It was a liquidated amount. See Thomas v. Barber's Super Markets, Inc., 74 N.M. 720, 398 P.2d 51 (1965). Moreover, § 26-2-18, N.M.S.A. 1953, provides that if the garnishee fails to answer, the court may enter a judgment against the garnishee for the full amount of the judgment rendered against the defendant. Compare Hinds v. Velasquez, 63 N.M. 282, 317 P.2d 899 (1957).

■■ Appellant argues that the default judgment was void because the writ of garnishment was defective in that (a) the name of the garnishee did not appear in the caption as required by § 26-2-13, N.M.S.A. 1953, and (b) the writ did not advise the garnishee that a judgment could be entered against it if it failed to answer. First, we observe that § 26-2-13 is not a mandatory provision but merely provides a permissible or recommended form to be used for the writ ("The following form of writ may be used * * *"). While the name of the garnishee did not appear in the caption, it did appear in the body of the writ, and the recommended form was in every other way followed exactly. We hold that the form of garnishment used substantially complied with the permissible form set out in § 26-2-13 (since repealed). Secondly, appellant did not raise the question before the trial court as to whether the writ must advise the garnishee of the consequences of its failure to answer. No real claim is made here that this is a jurisdictional question. Sec. 21-2-1(20) (1), N.M.S.A.1953; Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798 (1967).

Concluding as we have, it is unnecessary to consider appellant's last point. The judgment of the trial court is affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.