477 P.2d 817

Lee GUTHRIE, Trustee for the Debenture Holders of Reese Mining and Manufacturing Co., Inc., Owners of all Properties Formerly Owned by Reese Mining and Manufacturing Co., Inc., Plaintiff-Appellee,

v.

U. S. LIME AND MINING CORPORATION, Defendant-Appellant.

No. 9045.

Supreme Court of New Mexico.

Dec. 14, 1970.

Robertson & Reynolds, Silver City, for appellant.

Sherman & Sherman, Deming, for appellee.

## OPINION

McKENNA, Justice.

The appellant U. S. Lime and Mining Corporation, the defendant below, seeks to set aside a default judgment granted to the appellee pursuant to its motion under Rule 60(b) (§ 21–1–1(60) (b), N.M.S.A. 1953). The court after hearing the evidence found that the defendant failed to establish inadvertence or excusable neglect or that it had a good and valid defense to the cause of action and denied the motion provided a certain credit was given to the appellant on the amount of the judgment.

For its argument, the appellant says the district court abused its discretionary power in refusing to set aside the default judgment for the reasons that (1) there was never any valid service of process on the appellant; (2) the appellant presented meritorious defenses which it should be permitted to raise on trial; and (3) there was no showing by the appellee of any intervening equities.

■ As to the first point, the record, and supplement thereto, show by a return of service that the initial pleadings, the complaint, the order to show cause and the temporary restraining order were served in person on an officer and the agent for service of the appellant, within Grant County, New Mexico, on June 16, 1969. Furthermore, the record also shows that on June 26, 1969, an attorney appeared on behalf of the appellant for the hearing on the order to show cause, approved the order entered by the court on behalf of the appellant and was then personally given a copy of the first amended complaint by the appellee's attorney. There is no merit to point one of the appellant.

■ As to the remaining two points, we are faced with the specific findings of the district court that the appellant failed to establish inadvertence or excusable neglect or that it had good and valid defenses to the action. These findings were made after each side had full opportunity to present its evidence. We note that court in its order then refused to set the judgment aside provided the appellant was granted a credit against the judgment in the amount of $1,110.22. All of this, particularly the allowance of the credit, indicates that the court inquired fully into the merits of the motion, and did not in a perfunctory manner refuse the relief requested by the motion.

Despite the presence or absence of intervening equities, the basic rule is stated in Conejos County Lumber Co. v. Citizens Savings & Loan Ass'n, 80 N.M. 612, 614, 459 P.2d 138, 140 (1969), wherein we said:

"Appellant argues that the denial of the motion was an abuse of discretion. Our rules provide for the setting aside of a default judgment for good cause shown. Secs. 21–1–1(55) and (60), N. M.S.A.1953. This is a matter addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of that discretion. Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965); Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797 (1962). Discretion, in this sense, is abused only when the trial judge has acted arbitrarily or unreasonably. * * *"

On the record, we cannot say that the trial court acted arbitrarily or unreasonably or was unaware of the general policy that disputes should be tried on their merits rather than settled by default judgment. Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965); Weisberg v. Garcia, 75 N.M. 367, 370, 404 P.2d 565 (1965). Nor does the record contain any requested findings or conclusions of the appellant. Conejos County Lumber Co. v. Citizens Savings

& Loan Ass'n, supra, 80 N.M. at 614, 459 P.2d 138. We find no basis here for interfering with the trial court's discretion in refusing to set side the default judgment. The order of the court denying the motion to set aside the default judgment is affirmed. It is so ordered.

TACKETT and WATSON, JJ., concur.