510 P.2d 1072

**SPRINGER CORPORATION, Petitioner,**

v.

**Elmer A. HERRERA, Respondent.**

No. 9706.

Supreme Court of New Mexico.

June 1, 1973.

Oldaker & Oldaker, William H. Oldaker, Albuquerque, for defendant-petitioner.

Chavez & Cowper, Denis Cowper, Belen, for plaintiff-respondent.

**202**

## OPINION

McMANUS, Chief Justice.

Plaintiff Herrera filed suit against defendant Springer Corporation in the District Court of Sandoval County. Plaintiff sought damages of the defendant in the sum of $250,000, alleging personal injuries resulting when a self-loading machine lost a wheel and overturned with plaintiff aboard. The complaint, filed on December 7, 1971, alleged negligence on the part of defendant. The record reflects that service of the complaint was made on defendant on December 15, 1971. No answer was filed and, on February 22, 1972, a default judgment was granted plaintiff in the full amount of the prayer in the complaint, $250,000.

On February 28, 1972, the defendant moved to set aside the judgment and quash the return of execution issued by the court. After a hearing on March 3, 1972, the court denied defendant's motion. The matter was appealed to the Court of Appeals and, after a hearing there, the court issued its opinion affirming the default judgment of the trial court. Herrera v. Springer Corporation, 85 N.M. 6, 508 P.2d 1303, filed March 9, 1973.

The cause is now before this court on a writ of certiorari to the Court of Appeals. We affirm in part and reverse in part.

The first issue presented to the Court of Appeals may be stated as follows: Is a workmen's compensation insurer, who has paid compensation, an indispensable party in the workman's action against a third party? It was held that the insurer was not an indispensable party and we affirm this holding.

The second issue before the court was, essentially: Did the trial court err in refusing to set aside the default judgment on the ground that excusable neglect was not shown by defendant? We agree with the Court of Appeals that the trial court acted unreasonably in disregarding defendant's showing, the only showing made, and thus abused its discretion.

The third and final issue was whether the district court abused its discretion by refusing to vacate the default judgment on the ground that no meritorious defense had been shown by defendant. We must reverse the holding of the Court of Appeals that there was no abuse of discretion. We believe there was an abuse, and will now discuss some of the legal principles governing exercise of this discretion.

A motion to set aside a default judgment is addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of that discretion. Conejos County Lbr. Co. v. Citizens Savings & Loan Ass'n, 80 N.M. 612, 459 P.2d 138 (1969); Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965); Gilmore v. Griffith, 73 N.M. 15, 385 P.2d 70 (1963). The discretion here referred to is not the power or authority to act pursuant to 'one's own judgment without other restraint or control. It is not a mental discretion, to be exercised as one pleases, but is a legal discretion, to be exercised in conformity to law. Wooley, supra; Freeman on Judgments 576, § 291 (5th Ed. 1925). The trial court's discretion, though wide and not lightly to be interfered with, is not limitless. There are circumstances under which a refusal to vacate will be an abuse of discretion. Ambrose v. Republic Mortgage Co., 38 N.M. 370, 34 P.2d 294 (1934).

In exercising discretion to set aside a default judgment, courts should bear in mind that default judgments are not favored and that, generally, causes should be tried upon their merits. Wooley, supra; Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797 (1962). To deprive a party of his day in court is a penalty which should be avoided if it can be done without impeding and confusing administration or perpetrating injustice. Gilbert v. New Mexico Const. Co., 35 N.M. 262, 295 P. 291 (1930). A number of these rules are summarized in Weitz v. Yankosky, 63 Cal.2d 849, 48 Cal.Rptr. 620, 624, 409 P.2d 700, 704 (1966), as follows:

"A motion to set aside a default judgment is addressed to the sound discretion

of the trial court, and, in the absence of a clear showing of abuse of discretion where the trial court grants the motion, the appellate court will not disturb the order. It is the policy of the law to favor, wherever possible, a hearing on the merits, and appellate courts are much more disposed to affirm an order where the result is to compel a trial upon the merits than they are when the judgment by default is allowed to stand and it appears that a substantial defense could be made. Stated another way, the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. (Citations omitted.)"

In fact, because courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment will often be sufficient to justify reversal of the order. Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207 (1954).

■ It must be remembered that a final judgment generally should not be disturbed. 7 Moore, Federal Practice, ¶ 60.-19, at 237 (1972). When there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits. Weisberg v. Garcia, 75 N.M. 367, 404 P.2d 565 (1965).

■ Two issues arise on every application to open or vacate a judgment, namely, the existence of grounds for opening or vacating the judgment, and the existence of a meritorious defense or cause of action, as the case may be. Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119 (1931). As the Court of Appeals correctly stated, a trial court should be liberal in determining what is a good excuse. Weisberg, supra; Board of County Com'rs of Sierra County v. Boyd, 70 N.M. 254, 372 P.2d 828 (1962); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir. 1951). We believe that the trial court should also be liberal in determining what is a meritorious defense. We are not unmindful that some federal courts require a statement of underlying facts to support an allegation that a meritorious defense exists. See, for example, Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970), and Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (E.D.Va.1963).

■ Actually, there is no universally accepted standard as to what satisfies the requirement that a party show a meritorious defense. Trueblood, supra. We think that matter is best left to the discretion of the trial judge—as is the decision regarding whether a good excuse has been shown. We must insist, however, that in exercising its discretion the trial court apply a liberal standard. We do not believe such a standard was applied in this case. The statement by defendant alleging no negligence, and the further statement that the defendant was merely the delivering agent, would be sufficient information to allege a meritorious defense.

■ The authorities are in agreement that claims for large sums of money should not be determined by default judgments if they can reasonably be avoided. Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966); Bridoux, supra; Tozer, supra. Here, we believe it could reasonably have been avoided.

The defendant did make a prompt application for relief, did not exhibit willfulness in failing to heed the process of the court, and did make a substantial showing of excusable neglect, as noted above. When there is a satisfactory showing of grounds such as excusable neglect (the trial court applying liberal standards in arriving at this determination), then the trial court should also apply liberal standards in determining whether there is a satisfactory showing of meritorious defense. Also, in cases involving large sums of money, the trial court should be acutely aware of means of maintaining compliance with rules of procedure other than by granting and refusing to vacate a default judgment.

Because of the apparent failure of the trial court to apply a liberal standard in determining whether a meritorious defense exists, we must reverse the order of the district court which denied defendant's motion to vacate the default judgment, and we therefore reverse the decision of the Court of Appeals on this issue.

The cause is remanded with directions to set aside the order appealed from, to vacate the default judgment, and to proceed in a manner consistent with the views expressed in this opinion.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.

OMAN, J., not participating.

MARTINEZ, J., dissenting without comment.