622 P.2d 1039

**Lee CLICK, d/b/a Best Printing Company, Plaintiff-Appellee,**

v.

**LITHO SUPPLY COMPANY, a New Mexico Corporation, Defendant-Appellant.**

**No. 13103.**

Supreme Court of New Mexico.

Jan. 30, 1981.

Shollenbarger & Sandager, John T. Sandager, Albuquerque, for defendant-appellant.

Samuel M. Laughlin, Jr., Hobbs, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

The plaintiff, Click, sought to recover damages for breach of contract and for money due in the amount of $5,818.69. The defendant, Litho Supply Company, answered denying that the contract had been breached or that any money was due the plaintiff.

Trial was set for 9:00 a. m. on January 31, 1980, in Lovington, New Mexico. Because of a conflicting out-of-state business commitment, Litho's president, who resided in Albuquerque, sought a continuance. He did not seek the continuance until the day prior to trial. When counsel was unable to reach the judge to obtain the continuance, Litho's president obtained confirmed reservations on a commercial flight to Hobbs for the same evening and planned to travel by car from Hobbs to Lovington. On arrival at the airport in Albuquerque, he was informed that the flight had been cancelled due to inclement weather. He then made plans to drive through the night to Lovington, but upon inquiry was discouraged by the State Police from the making the trip as the roads were dangerous due to ice and snow. The next morning, when trial was scheduled, another attempt was made to contact the judge, but he had already left for Lovington from Hobbs. Local counsel appeared for Litho and requested a continuance until the president could arrive. This motion was denied.

Trial was held with counsel for Litho participating, however Litho had no witnesses present and could not establish a defense. At trial, the court approved the plaintiff's motion to amend the prayer for damages in its complaint by almost $4,000 and granted judgment to plaintiff. After the trial, Litho filed a motion under N.M.R. Civ.P. 60(b), N.M.S.A.1978 (Repl. Pamp. 1980) to set aside the judgment. A hearing was held with an opportunity for Litho's witness to be present and the motion was denied. Litho appeals that denial. We reverse.

We hold that the motion to set aside the judgment should have been granted. Relief under Rule 60 is discretionary with the trial judge and will be reviewed only for an abuse of that discretion. *Home Savings & Loan Ass'n v. Esquire Homes, Inc.*, 87 N.M. 1, 528 P.2d 645 (1974); *Guthrie v. U. S. Lime and Mining Corporation*, 82 N.M. 183, 477 P.2d 817 (1970). The trial court had before it at the motion hearing affidavits of Litho's president and of a second witness supporting the inability to make the flight connections and the hazard-

ous driving conditions. The court also had before it a letter from the airline's agent confirming the cancellation of the flight and indicating that the witnesses had tickets and were at the airport in time to catch the plane. Litho's president also testified at the hearing and explained the circumstances surrounding his failure to appear.

█ In denying the motion the court emphasized that: (1)Litho's president had sought an earlier continuance for business reasons on the day before trial; (2) Litho's president had delayed until that same day to obtain transportation to the trial, and (3) Litho had little contact with its attorney prior to trial. While these factors suggest that Litho was remiss in its planning and preparation for trial, they are not sufficient by themselves to support the refusal to set aside the judgment. The request for the first continuance should have no bearing on the disposition of the motion, especially in view of the good faith effort by Litho's president to attend trial after the denial. The fact that the president did not make reservations until the day prior to trial may show a casual attitude towards the trial but is not relevant to the issue at hand. Even if the same arrangements had been made a month prior to trial, the unexpected cancellation of the flight would have had no different effect than when the arrangements were made earlier on the same day. Finally, the failure of Litho to prepare for trial through consultation with its attorney, though not good practice, does not support the trial court's denial of the motion.

For these reasons, the trial court's judgment is reversed. The case is remanded for a new trial on the merits.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.·