This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DONACIANO SALVADOR ARMIJO,**

Petitioner-Appellee,

v.                                                                    **NO. 29,947**

**KELLY LYNN ARMIJO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Edmund H. Kase, III, Judge**

Filosa & Filosa
Mark A. Filosa
Truth or Consequences, NM

for Appellee

Grace B. Duran
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Wife appeals from an order of the district court denying her motion to set aside the marital settlement agreement she made with Husband on grounds that the district

court did not comply with Rule 1-053.2 NMRA. Rule 1-053.2 and *Buffington v. McGorty*, 2004-NMCA-092, ¶¶ 23-24, 136 N.M. 226, 96 P.3d 787 require the district court to independently review and decide a party's objections to the recommendations of a domestic relations hearing officer. The district court did so. We therefore affirm.

**PROCEDURAL BACKGROUND**

Representing themselves, Husband and Wife jointly filed a petition for dissolution of marriage. At the same time, they also filed a verified marital settlement agreement, which divided their community property and debts. The district court approved the marital settlement agreement and incorporated it into the final decree of dissolution of marriage.

Wife then obtained an attorney who filed a motion for relief from judgment under Rule 1-060(B) NMRA and a motion for division of property pursuant to NMSA 1978, Section 40-4-20 (1993). Wife sought to set aside the marital settlement agreement on grounds of duress, coercion and undue influence, and to reopen the matter for an equitable division of the community property and debts under Section 40-4-20. Husband also obtained counsel and responded to Wife's motion by denying the material allegations of Wife's motion and by filing a motion to dismiss on grounds that Wife was required to file a separate, independent action under Section 40-4-20. Husband followed this with a motion for summary judgment based on the same

grounds, supported by a memorandum of law. Wife's response to Husband's motion to dismiss and motion for summary judgment was that a new case number could be administratively assigned to her motion without dismissal.

The district court entered an order assigning the case to a domestic relations hearing officer pursuant to Rule 1-053.2. The hearing officer first considered Husband's motion for summary judgment and determined that Wife was required to file a separate, independent action insofar as she was seeking relief under Section 40-4-20. The hearing officer therefore entered a proposed order, which the district court approved, dismissing Wife's Section 40-4-20 motion without prejudice. Wife does not challenge this order on appeal.

The hearing officer then conducted an evidentiary hearing, denominated a trial on the merits, on Wife's Rule 1-060(B) motion. Husband and Wife each testified in support of their respective positions about the circumstances surrounding formation of the marital settlement agreement and its validity. In addition, Husband and Wife submitted written briefs in support of their respective positions. After hearing the evidence and considering the written briefs, the hearing officer recommended an order which granted Wife's Rule 1-060(B) motion. The proposed order contains no findings or grounds for granting the motion and simply recites, "The [Wife's] requested relief from judgment under Rule 1-060[(B)] NMRA is well taken and is

3

granted." The district court approved the proposed order, and it was filed as an order of the district court on August 8, 2008.

On August 13, 2008, Husband filed a "notice of appeal" in the district court "pursuant to Rule 1-053.1." The "notice of appeal" asserts that the decision of the hearing officer is not supported by substantial evidence and that Husband cannot specifically address the objections to the findings "since there were no findings" setting forth the basis of the hearing officer's recommendation. The district court held a status conference concerning the "notice of appeal," which was treated by the court and the parties as an objection to the hearing officer's recommendation. At the status conference, the parties agreed that a trial de novo was not required and that in order to resolve Husband's objection and make its own determination, the district court should only review the evidentiary record made before the hearing officer. Wife's counsel specifically stated that the matter had been fully litigated and that no additional evidence was needed for the district court to independently decide the Rule 1-060(B) motion. It was therefore agreed that a transcript of the evidentiary hearing held before the hearing officer would be prepared and that the parties would file requested findings of fact and conclusions of law for review by the district court. A formal order was filed reflecting this agreement and understanding.

The district court reviewed the transcript of the evidentiary hearing held before the hearing officer, considered the proposed findings of fact filed by the respective parties, and filed its decision. Based on its review of the transcript, the district court entered its own independent findings of fact and conclusions of law and concluded that Wife's motion for relief under Rule 1-060 was not supported by a preponderance of the evidence. The district court further concluded that the relief requested by Wife pursuant to Section 40-4-20 was precluded by the summary judgment. Wife's motions were therefore denied.

Wife filed a motion to reconsider. Wife asserted that Husband's "notice of appeal" was a misnomer because he should have filed an objection to the hearing officer's recommendation pursuant to Rule 1-053.2. In addition, Wife's counsel for the first time asserted her belief that the transcript was going to be reviewed by the hearing officer to enter findings of fact and conclusions of law since he heard the testimony first hand. Wife asserted that Rule 1-053.2 was being incorrectly applied since she was being denied a hearing before the district court and denied of an opportunity to present evidence to the district court. Husband's response was that at the status conference before the district court, the parties had agreed that the "notice of appeal" was in fact an objection and that Wife was not prejudiced by the title of the pleading; that Wife's counsel had specifically agreed that the district court should

review the transcript of the hearing held before the hearing officer and make its own decision; that Wife had been given an opportunity to present additional evidence to the district court, which she declined; and that Wife had failed to demonstrate any prejudice. Wife's reply asserted that because the hearing officer had not filed findings of fact and conclusions of law, when the district court ordered the parties to file requested findings of fact and conclusions of law, the case should have been "recommitted" to the hearing officer, who had heard the evidence, observed the witnesses, and was in the best position to evaluate their credibility. The district court denied Wife's motion to reconsider, and Wife appeals.

**DISCUSSION**

Wife asks that we remand the case to the district court for a trial de novo based on several contentions. First, Wife notes that the "notice of appeal" incorrectly cited to Rule 1-053.1 NMRA, which deals with special commissioners for domestic violence, instead of Rule 1-053.2, which is the applicable rule. Second, Wife asserts that the "notice of appeal" should never have been accepted as an objection to the hearing officer's recommendation because the "notice of appeal" did not address a specific objection, as required by Rule 1-053.2(G), but made only a vague claim that the recommended decision was not supported by the evidence. Third, Wife contends that because the hearing officer heard the testimony and observed the demeanor of the

6

witnesses, the hearing officer was charged with the responsibility of making findings of fact and conclusions of law. Instead, Wife argues, the district court made findings of fact and conclusions of law without conducting an appropriate hearing, and without explaining why he rejected the hearing officer's recommendation. Finally, Wife asserts that because the district court did not engage in a "meaningful review" before entering its findings of fact and conclusions of law, her rights to due process were violated.

We reject Wife's assertions. As to the inaccurate citation to Rule 1-053.1, Wife makes no argument that she was prejudiced. Further, we note that the provisions of the two rules are identical in prescribing how a party objects to the recommendations of a domestic relations hearing officer. Rule 1-053.1(G); Rule 1-053.2(G). As to Wife's remaining claims, Wife agreed to the entire procedure followed in the district court. Specifically, Wife agreed to treat Husband's "notice of appeal" as an objection to the hearing officer's report under Rule 1-053.2(G); Wife agreed that a trial de novo in the district court was not necessary; Wife agreed that a review of the transcript of the evidentiary hearing held before the hearing officer was sufficient for the district court to resolve Husband's objections and make its own determination of Wife's Rule 1-060(B) motion; and on this basis, Wife filed requested findings of fact and conclusions of law "in support of the decision" of the hearing officer. In conformance

with the agreement of the parties, the district court reviewed the transcript of the evidentiary hearing, reviewed the requested findings of fact of the parties, specifically noting those that were rejected, and based on this review made its own findings of fact, conclusions of law, and decision. Only after the district court rendered its decision against Wife did she object to the procedure that was followed with her agreement. She also asserted for the first time that she had thought the hearing officer, rather than the district court, was going to enter findings of fact and conclusions of law. Under these circumstances, we do not address Wife's arguments. *See Cnty. of Los Alamos v. Martinez*, 2011-NMCA-027, ¶ 15, ___ N.M. ___, ___ P.3d ___ (declining to address appellant's contention to the extent it was based on an argument that paramedic training contracts were not mandatory subjects of collective bargaining where the appellant did not oppose a motion for summary judgment on this basis, and in fact conceded that such contracts were mandatory subjects of bargaining) (citing *Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶ 32, 123 N.M. 170, 936 P.2d 852 ("We review the case litigated below, not the case that is fleshed out for the first time on appeal.") (alteration omitted) (internal quotation marks and citation omitted); *So. Union Gas Co. v. Cantrell*, 57 N.M. 612, 615-16, 261 P.2d 645, 647 (1953) ("Courts look with favor upon stipulations designed to simplify, shorten, or settle litigation and save time and costs to the parties, and such stipulations will be

encouraged by the courts, and enforced by them, unless good cause is shown to the contrary.").

Wife next argues that the district court erred in denying her motion for reconsideration. "We review the denial of a motion to reconsider for abuse of discretion." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 35, 148 N.M. 627, 241 P.3d 628.

We conclude no abuse of discretion was committed. In *Buffington*, we held that a district court has an obligation to independently consider a hearing officer's recommendations and make a record which adequately sets forth the basis for its decision. 2004-NMCA-092, ¶ 31. Consistent with *Buffington*, Subsection (H) of Rule 1-053.2 provides:

> H. District court proceedings. After receipt of the recommendations of the domestic relations hearing officer:
> (1) Review of recommendations.
> (a) The court shall review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations.
> (b) If a party files timely, specific objections to the recommendations, the court shall conduct a hearing appropriate and sufficient to resolve the objections. The hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections.
> (c) The court shall make an independent determination of the objections.
> (d) The court may adopt the recommendations,

9

modify them, reject them in whole or in part, receive further evidence, or may recommit them to the domestic relations hearing officer with instructions.

(2) Findings and conclusions; entry of final order. After the hearing, the court shall enter a final order. When required by Rule 1-052 NMRA, the court also shall enter findings and conclusions.

The district court was required to review the hearing officer's recommendation and independently determine whether to adopt the recommendation. It was required to do so regardless of whether there was an objection to the recommendation. In this case, the parties also agreed to treat Husband's "notice of appeal" as an objection to the hearing officer's recommendation, and the parties further agreed that the district court would decide Husband's objection after reviewing the transcript of the evidentiary hearing held before the hearing officer and considering the parties' requested findings of fact and conclusions of law. This procedure for deciding Husband's objection is expressly permitted by Rule 1-053.2. The procedure agreed upon was followed, and the district court made its independent decision to deny Wife's Rule 1-060(B) motion, supported by its own findings of fact and conclusions of law. A complete rejection of the hearing officer's recommendation after reviewing the record is also expressly permitted by Rule 1-053.2. Thus, the district court actions conformed with the requirements of Rule 1-053.2, and it did not abuse its discretion in denying Wife's motion to reconsider.

Wife's argument in the alternative is that the case should be remanded to the district court to state its reasons for setting aside the hearing officer's recommendation. The basis for this argument is Wife's contention that the district

court erred in not following the standard of review set forth in NMSA 1978, Section 40-4B-8(D) (1993) (stating the district court will set aside the decision of a child support hearing officer "only if the decision is found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record as a whole; or (3) otherwise not in accordance with law"). We reject this argument. Subsection (I) of Rule 1-053.2 expressly states, "The court and child support hearing officers acting pursuant to the Child Support Hearing Officer Act (Sections 40-4B-1 through 40-4B-10 NMSA 1978) and domestic relations hearing officers acting pursuant to Subparagraph (3) of Paragraph C of Rule 1-053.2 NMRA shall comply with this rule notwithstanding any contrary provision of the Child Support Hearing Officer Act." The district court was required to act in conformity with Rule 1-053.2, and it did.

Wife's final argument is that the final decree of dissolution of marriage should be set aside under Rule 1-060(B). In making this argument, Wife argues the facts in the light most favorable to this result. However, it is not our function to re-weigh the facts on appeal. "The reviewing court may not re[-]weigh the evidence or substitute its judgment for that of the trier of fact. The issue is not whether there is evidence to support an alternative result but, rather, whether the trial court's result is supported by substantial evidence." *Nosker v. Trinity Land Co.*, 107 N.M. 333, 338, 757 P.2d 803, 808 (Ct. App. 1988) (citations omitted). Rather, our review is limited to determining

whether the district court abused its discretion in denying Wife's Rule 1-060(B) motion to set aside the final decree of dissolution of marriage. *See Click v. Litho Supply Co.*, 95 N.M. 419, 420, 622 P.2d 1039, 1040 (1981) ("Relief under Rule [1-0]60 is discretionary with the trial judge and will be reviewed only for an abuse of that discretion."). Wife does not contend that the district court findings of fact are not supported by substantial evidence. In light of those findings, which we do not repeat here, we are not convinced the district court abused its discretion in denying Wife's Rule 1-060(B) motion.

**CONCLUSION**

The order of the district court is affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**