491 P.2d 1145

Nathan C. GREER et al., Plaintiffs-
Appellees,

v.

James P. JOHNSON et ux., Defendants-
Appellants.

No. 9289.

Supreme Court of New Mexico.

Dec. 30, 1971.

Zinn & Donnell, Santa Fe, for defend-
ants-appellants.

Kellahin & Fox, Santa Fe, for plaintiffs-
appellees.

## OPINION

OMAN, Justice.

Defendant, James P. Johnson, appeals from an order finding him in contempt of court and committing him to jail until he purges himself of the contempt. We affirm.

On March 9, 1970, a judgment was entered by the district court in which a portion of defendant's home, designated as the "upper portal," was held to constitute "an additional story above the story beneath it," and, therefore, in violation of a restrictive covenant which reads:

"That dwelling houses constructed upon the land described in said Deed shall be single-family dwelling houses only. Said houses to consist of only one story above the highest point on said land."

It was also found that a diminution in " * * * plaintiffs' enjoyment of their properties and damage to the value of such properties will continue to occur unless and until defendants [one of whom was the defendant now before us on this appeal] are required to remove the upper portal, * * * and are enjoined from maintaining any structure constituting more than one story above the highest point on their land."

As part of its conclusions of law, the trial court held:

"The 'upper portal' within defendants' dwelling house, * * * constitutes an additional story above the story beneath it. * * *

" * * *

" * * * Plaintiffs are further entitled to enforce said covenant against

defendants and to require them to remove the upper portal from defendants' dwelling house and to refrain from further violations of the covenant."

The court then, in part:

" * * * ORDERED, ADJUDGED AND DECREED that that portion of defendants' dwelling house designated as the 'upper portal' be, and the same hereby is, declared to constitute a violation of the restrictive covenant in defendants' deed limiting the height of dwelling houses to only one story above the highest point on the land embraced by such deed; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants be, and they hereby are, required and directed by the Court to remove said portion of their dwelling house so that said house will no longer consist of more than one story above the highest point on defendants' land; * * *"

■ Defendant, in a purported attempt to comply with the judgment, removed from above the beams supporting the roof over the "upper portal" approximately 20 to 30% of the outer roof, leaving from 70 to 80% of the roof intact, and thickened a portion of one of the outer walls. His claim of compliance with the judgment rests upon his contentions that (1) the words, "so that said house will no longer consist of more than one story above the highest point on defendants' land," above quoted from the decretal portion of the judgment, means only that he was required to make such change as would remove the "upper portal" from the classification of a story, and (2) by removing a portion of the roof therefrom, the "upper portal" was no longer an enclosed room or living area, and thus, no longer a second story. At best this is a very strained construction of just the one sentence of which this language is a part, and is totally inconsistent with and refuted by the other quoted language from the findings, conclusions and decretal portion of the judgment.

■ It appears entirely clear to us that defendant was ordered to remove the "upper portal," which means all of it, and not merely a very small portion thereof. We find no ambiguity or uncertainty as suggested by defendant. No question has been raised as to the jurisdiction of the court over the subject matter or person of defendant, and no appeal was taken from the judgment. The burden was upon defendant to comply with the judgment. United States v. Tijerina, 412 F.2d 661 (10th Cir. 1969), cert. denied, 396 U.S. 990, 90 S.Ct. 478, 24 L. Ed.2d 452 (1969).

As already stated, we are of the opinion the judgment—the mandatory statement or decretal portion thereof—is clear and unambiguous. However, if defendant felt the one sentence he has seized upon contains some ambiguity or uncertainty, then he was obliged to construe this language in the light of the pleadings, the remaining portions of the judgment, the findings of fact and conclusions of law. See Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000 (1948). He was not at liberty to select one clause from the judgment, place his interpretation thereon, rely entirely upon this interpretation, and disregard all the remainder of the decretal portion of the judgment, the findings of fact and conclusions of law. See Chronister v. State Farm Mutual Automobile Ins. Co., 72 N.M. 159, 381 P.2d 673 (1963); Dunham v. Stitzberg, supra; Ophir Creek Water Co. v. Ophir Hill Consol. Mining Co., 61 Utah 551, 216 P. 490 (1923).

■■ The purposes of the contempt proceedings in the district court, and that court's order that defendant be committed to jail until he purges himself by removal of the "upper portal," were to provide a remedy for the injured plaintiffs and coerce compliance by defendant with the court's prior judgment. Thus, we are here concerned with a civil contempt. State ex rel. Bliss v. Greenwood, 63 N.M. 156, 315 P.2d 223 (1957). The burden of proof in all civil cases is that of the greater weight of the evidence, or, as it is sometimes called, the preponderance of the evidence. N. M. U.J.I. 3.6 (1966). In contempt pro-

ceedings, as in other cases, the credibility of the witnesses and the weight to be given the evidence is for the trier of the facts. Drake v. National Bank of Commerce of Norfolk, 168 Va. 230, 190 S.E. 302 (1937). See also Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970); Crolot v. Maloy, 2 N.M. 198 (1882); Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970); N.M. U.J.I. 17.5 (1966).

By concluding as we have, that the trial court clearly and unambiguously ordered defendant to remove the "upper portal," it is undisputed that defendant failed to comply with the order of the court. Thus, there is no question about his contempt, and the order finding him in contempt from which he has appealed should be affirmed.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.