628 P.2d 1139

**Lola LOPEZ, Plaintiff-Appellee,**

v.

**SEARS, ROEBUCK AND COMPANY,
Defendant-Appellant.**

No. 5086.

Court of Appeals of New Mexico.

May 12, 1981.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellant.

M. Terrence Revo, P. C., Albuquerque, for plaintiff-appellee.

OPINION

WOOD, Judge.

This appeal involves a default judgment in a worker's compensation case. Plaintiff's claim was filed September 24, 1980 and a copy of the complaint was received by defendant on September 26, 1980. No answer was filed within thirty days. Plaintiff's motion for a default judgment was filed November 6, 1980; an order declaring defendant in default was also entered on November 6, 1980. This order provided for a hearing to determine "injuries and disability"; thus, the effect of the order was to foreclose the question of liability to pay compensation. Plaintiff, by letter dated November 7, 1980, informed defendant of entry of the default judgment. Defendant's motion to set aside the default judgment was filed November 25, 1980. We do not know when this motion was heard by the trial court; an order denying defendant's motion was filed March 16, 1981.

This Court's order of March 25, 1981 granted defendant's application for an interlocutory appeal and provided:

Plaintiff shall file * * * a written memorandum showing cause why this Court should not summarily reverse the district court's order of March 16, 1981. *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973); *Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 ([Ct.App.] 1976); *Rogers v. Lyle Adjustment Co.*, 70 N.M. 209, 372 P.2d 797 (1962).

The trial court's order questioned whether the civil rules and decisions under those rules apply to defaults in compensation cases. Plaintiff's memorandum correctly concedes that the general law on defaults applies in compensation cases.

Section 52–1–34, N.M.S.A.1978, states:

> The Rules of Civil Procedure for the District Courts * * * shall apply to all claims * * * under the * * * Compensation Act [52–1–1 to 52–1–69 NMSA 1978] except where provisions of the * * * Compensation Act directly conflict with these rules, in which case the provisions of the * * * Compensation Act shall govern.

■ There is no claim that any provision of the Compensation Act conflicts with the default judgment rule, R.Civ.Proc. 55, and the rule for relief from a judgment, R.Civ. Proc. 60. Those rules, and decisions applying them, apply to a default in a compensation case.

Plaintiff's memorandum states that there is no record of the hearing on defendant's motion to vacate the default judgment; "the Court must review what is available." The material before us consists of defendant's motion to vacate, copies of letters exchanged between defendant and plaintiff's attorney in July, 1980, an affidavit of defendant's personnel manager, copies of medical reports and a proposed answer by defendant.

■ The above items were a far stronger showing than was made in *Springer Corporation v. Herrera*, supra, for setting aside a default judgment; *Springer* held that the trial court erred in failing to set aside the default judgment. Defendant's showing, uncontroverted in the record before us, is (1) that the failure to file a timely answer resulted from excusable neglect, mistake and inadvertence; the failure to file occurred because of a procedural mix-up during the time the employee who looked after compensation claims was on vacation; and (2) meritorious defenses involving statutes of limitation and no accidental injury. The trial court abused its discretion in denying the motion to set aside the default judgment.

The cause is remanded with instructions to vacate the order of default and to permit the filing of defendant's answer.

IT IS SO ORDERED.

HERNANDEZ, C. J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I agree that the Rules of Civil Procedure relating to default judgments apply to Workmen's Compensation cases. I have read the record and I do not find any evidence of excusable neglect, mistake, or inadvertence on the part of the defendant to justify a reversal. At best, defendant has shown to me that, while Christine Turner was on vacation, presumably nobody else could handle workmen compensation cases in the Albuquerque store. Defendant should have had someone else to assume this responsibility while she was gone. I do not see any evidence of a meritorious defense to justify reversal. The question of disability and payment of benefits is yet to be litigated later on.

I would affirm the trial court's judgment.