# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: June 27, 2018

**NO. A-1-CA-35454**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

Plaintiff-Appellant,

v.

**STEPHEN CHIULLI,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Charles J. Vigil
Charles R. Hughson
Albuquerque, NM

for Appellant

Walcott, Henry & Winston, P.C.
Donald A. Walcott
Charles V. Henry, IV
Santa Fe, NM

for Appellee

**OPINION**

**VIGIL, Judge.**

{1}     In this case the district court dismissed the complaint to foreclose on a note and mortgage brought by Sun Trust Mortgage, Inc. (SunTrust) "with prejudice" as a discovery sanction. An appeal from the order of dismissal with prejudice was taken but then abandoned. In subsequent proceedings brought by the borrower, Stephen Chiulli, to enforce the order, the district court explained that when it dismissed the foreclosure complaint "with prejudice" it intended to extinguish all rights SunTrust had under the note and mortgage. The district court therefore ordered that no further action could be taken to enforce the note and mortgage. Federal National Mortgage Association (Fannie Mae), who was substituted for SunTrust as the plaintiff, appeals. Concluding that the district court's interpretation of its order of dismissal with prejudice was not manifestly unreasonable, we affirm.

**BACKGROUND**

{2}     SunTrust filed a complaint for foreclosure on Chiulli's home. Contemporaneously with the complaint, SunTrust filed notice that Chiulli's debt under the promissory note was discharged in a Chapter 7 case in the United States Bankruptcy Court of the District of New Mexico. Therefore, no claim was made against Chiulli personally under the note, and the complaint only sought an *in rem*

judgment against the property itself to satisfy the amounts claimed under the note and mortgage. *See Kepler v. Slade*, 1995-NMSC-035, ¶¶ 7-8, 119 N.M. 802, 896 P.2d 482 (explaining that in the event of default on an underlying note, the mortgagee has independent remedies to sue on the note or in rem against the mortgaged property to satisfy the indebtedness); *State v. Nunez*, 2000-NMSC-013, ¶ 78, 129 N.M. 63, 2 P.3d 264 (explaining that "[a]n *in rem* action is directed . . . at resolving the interests, claims, titles, and rights in that property[,]" and is in "contradistinction to 'in personam' actions which are directed against a person." (emphasis added)).

{3} SunTrust's standing was in issue at the outset of the litigation. Although the lender on the note was Attessa Enterprises, Inc., dba Crescent Financial Solutions (Attessa) and the mortgage was in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender, SunTrust alleged it was entitled to enforce the note and mortgage by virtue of assignments attached to the complaint. Chiulli denied the note and mortgage had been properly assigned, and affirmatively alleged that SunTrust lacked standing to bring the suit. Chiulli also filed counterclaims against SunTrust for slander of title, breach of contract, breach of the covenant of good faith and fair dealing, interference with contractual relations, fraud, violation of the Unfair Practices Act, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection Practices Act, which materially relied on his allegations

that the alleged assignment of the mortgage to SunTrust was made by SunTrust to itself, was improper and ineffective, and that the promissory note was not indorsed.

{4} Chiulli sought discovery from SunTrust seeking information and documentation regarding the note and mortgage as well as the assignment of the loan and mortgage from Attessa to SunTrust. SunTrust objected to these discovery requests and produced no documentation concerning the note and mortgage, or the assignment of the loan from Attessa to SunTrust. Chiulli filed a motion to compel SunTrust to answer the discovery requests, which district court Judge Sarah M. Singleton granted. Judge Singleton ruled that the discovery requests were clearly relevant to the standing of SunTrust to bring the suit, and ordered SunTrust to answer interrogatories and produce documents. Specifically, Judge Singleton ordered SunTrust to answer interrogatories to identify and provide contact information for people with knowledge of the loan and mortgage; to answer the dates of employment of the person who signed the assignment of mortgage and verified the interrogatories; to identify the person responsible for directing and having the assignment of mortgage prepared; to identify the person responsible for filing the assignment of mortgage; to identify the person at the original lender who authorized transfer of the loan; and to provide information about the person at MERS who authorized the transfer of the loan from the original lender. In addition, SunTrust was ordered to

produce all of its files on the loan; and all contracts, agreements, correspondence, or communications between Sun Trust and Attessa regarding the loan.

{5}     After the deadline imposed by Judge Singleton to answer the interrogatories passed, SunTrust filed a motion seeking a sixty-day extension of time to comply. Chiulli's response included a motion for sanctions, including a dismissal of SunTrust's claims with prejudice on the basis that although it had sufficient time to do so, SunTrust had still not provided the discovery in violation of the court's order. SunTrust did not respond to Chiulli's motion, and Judge Singleton granted Chiulli's motion. Ruling that Chiulli's unanswered interrogatories and requests for production "go to the substance" of the claims made by SunTrust, Judge Singleton ordered that the complaint for foreclosure filed by SunTrust "is hereby dismissed with prejudice" and that the affirmative defenses asserted by SunTrust against Chiulli's counterclaims "are hereby dismissed." The order also voided assignments of the mortgage to SunTrust and Fannie Mae. The effect of this order, filed on September 18, 2014, was that SunTrust's claims against Chiulli were dismissed "with prejudice" but SunTrust remained in the case as counter-defendant on Chiulli's counterclaims.

{6}     SunTrust through new counsel, filed a motion for relief from the order granting Chiulli's motion for sanctions in dismissing SunTrust's complaint with prejudice and striking its affirmative defenses to Chiulli's counterclaims. After full briefing and a

4

hearing, Judge Singleton entered an order denying SunTrust's motion. Judge Singleton did, however, rule that the original order, should not have voided assignments of the mortgage to SunTrust and Fannie Mae. An amended order making this correction was filed on March 18, 2015.

{7} While SunTrust's motion for relief was pending, SunTrust filed a motion on January 15, 2015, to substitute Seterus, Inc. (Seterus) as the plaintiff in the case. In support of the motion SunTrust stated that when it filed the complaint for foreclosure, it did so as the "servicer" for the owner of the mortgage, Fannie Mae. However, while the suit was pending, Fannie Mae purchased the servicing rights to Chiulli's loan and then transferred the servicing rights to Seterus. As a consequence, SunTrust asserted, "Seterus or Fannie Mae should have substituted" as the plaintiff, which had not occurred. At the hearing on the motion on January 23, 2015, SunTrust orally amended the motion to substitute Fannie Mae as plaintiff. With Fannie Mae's consent, and its agreement to be bound by the earlier order dismissing the complaint with prejudice, the motion was granted in an order filed on March 12, 2015. SunTrust remained in the case as counter-defendant to Chiulli's counterclaims. The parties subsequently stipulated to a dismissal of Chiulli's counterclaims with prejudice, with the result that all the claims in the case were either resolved or dismissed.

{8} Fannie Mae filed a timely notice of appeal on June 5, 2015, appealing from the order on sanctions dismissing the complaint for foreclosure with prejudice. However, Fannie Mae did not file a docketing statement with this Court and abandoned its appeal.

{9} This was not the end of the case. Chiulli filed a motion for post-judgment relief on September 24, 2015, asserting that Fannie Mae was violating the order dismissing the complaint for foreclosure with prejudice filed on September 18, 2014, and reaffirmed in the amended order filed on March 18, 2015. The motion alleged: (1) that Fannie Mae, through Seterus sent Chiulli past due account statements in February, March, April, May, June, and July, 2015; (2) that the July statement showed a total amount due in the amount of $87,796.77 as of August 1, 2015; (3) that Chiulli did not know if Fannie Mae or Seterus was reporting a delinquency to credit reporting agencies; (4) that Chiulli attempted to pay taxes on the property, but was told that they were already paid and would not be assessed again until November 2015; (5) that Chiulli received an escrow statement showing that Fannie Mae had paid taxes on the property in May 2015, and according to the statement, Seterus intended to pay the taxes due in November 2015; (6) that Chiulli had obtained his own insurance on the property; and (7) that Chiulli did not know if Fannie Mae intended for Seterus to purchase insurance on the residence. Chiulli asked that the district court enforce its

order dismissing the complaint for foreclosure with prejudice and enjoin Fannie Mae from continuing to send him account statements, from attempting to incur escrow charges for taxes and insurance, and from reporting any delinquency charges to credit reporting agencies.

{10} In its written response, Fannie Mae denied that the order of dismissal with prejudice prevented it from acting as it did. In material part, Fannie Mae argued that, notwithstanding the order, it was free to initiate foreclosure proceedings in any court of competent jurisdiction "for defaults under the loan documents other than those in the dismissed complaint[.]" In reply, Chiulli asserted the post-judgment relief he was seeking was based on the order "that [Fannie Mae's] claims pursuant to the promissory note and mortgage were dismissed with prejudice."

{11} The hearing on Chiulli's motion was held before Judge Singleton, who issued the original as well as the amended order dismissing the complaint for foreclosure with prejudice. After hearing arguments from the respective parties, Judge Singleton ruled:

> It was my intention with the prior order to say that [SunTrust] was not going to be allowed to enforce the note through foreclosure or through a suit on the note, and that's why the dismissal was with prejudice. And I did that because the discovery that was withheld went to the heart of [SunTrust's] ability to prove that it had a right to recover. And since it withheld the information on that topic, it was not going to be allowed to pursue the remedy that it sought. And it was my intention that in the

7

future, [SunTrust] should not be allowed to pursue the remedy of foreclosure or sue on the same note.

. . . .

Fannie Mae is not allowed to bring action for foreclosure or to pursue [a]n action on the note because of the prior plaintiff's conduct in this lawsuit, and that's what was intended as a sanction for the failure to comply with discovery.

Judge Singleton then entered a written order directing: (1) "[Fannie Mae] is enjoined from continuing to attempt to collect a debt from Chiulli regarding the [p]romissory [n]ote and [m]ortgage . . . including sending Chiulli account statements, sending escrow account statements, and reporting Chiulli to credit agencies"; (2) "[Fannie Mae] is enjoined from continuing to attempt to incur escrow account charges to charge to Chiulli, such as taxes and insurance"; and (3) "Chiulli is to refund payments for taxes" that were made by Fannie Mae after the order of dismissal with prejudice was filed on September 18, 2014. Fannie Mae appeals from this order.

**DISCUSSION**

{12}     Fannie Mae does not, and cannot in this appeal, challenge the discovery sanction order dismissing the complaint for foreclosure action with prejudice or that it is bound by the sanction imposed on its predecessor, SunTrust. Courts have inherent authority to regulate the parties and proceedings before them. *City of Roswell v. Holmes*, 1939-NMSC-062, ¶ 6, 44 N.M. 1, 96 P.2d 701. At the core of judicial

authority is "[a court's] inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *State ex rel. N.M. Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶¶ 11, 20, 120 N.M. 1, 896 P.2d 1148 (internal quotation marks and citation omitted). This includes the power and right to dismiss a complaint with prejudice for failing to comply with procedural rules or court orders. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 10, 134 N.M. 207, 75 P.3d 423 (recognizing that district courts have such power); *Beverly v. Conquistadores, Inc.*, 1975-NMCA-070, ¶¶ 7, 16, 88 N.M. 119, 537 P.2d 1015 (holding that a district court has the power to dismiss a complaint with prejudice for violating a direct court order to supply the name of a witness). When Fannie Mae abandoned its appeal from the order dismissing the complaint for foreclosure with prejudice, it waived its right to challenge whether the sanction of dismissal with prejudice was an appropriate sanction, its scope or legal effect. *See Brunacini v. Kavanagh*, 1993-NMCA-157, ¶ 28, 117 N.M. 122, 869 P.2d 821 ("[A]n unreversed judgment is final between the parties as to all matters to which the judgment relates."); *see also Am. Legion Post No. 49 v. Hughes*, 1994-NMCA-153, ¶ 2, 120 N.M. 255, 901 P.2d 186 (concluding that cross-appeal was abandoned for failure to file a docketing statement).

{13} What is before us in this appeal is Judge Singleton's interpretation of her own order dismissing the complaint for foreclosure with prejudice which was made within the context of a motion seeking to enforce that order. When a district court concludes that a dismissal with prejudice is warranted, particularly a complaint for foreclosure, the order "should clearly define what the dismissal with prejudice means—its impact on particular parties and particular claims, for example—so that the effect of the order is clear to the parties, to us in the event of an appeal, and to a trial court in the event of future litigation." *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 22, 158 A.3d 931 (emphasis omitted). The order here is ambiguous because Judge Singleton did not explain what her intent was in the order itself dismissing the complaint for foreclosure "with prejudice."

**A.     Standard of Review**

{14} The interpretation of a court order presents a question of law which we review de novo. *Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 7, 140 N.M. 637, 145 P.3d 117. "The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments. The plain meaning of the language used is the primary indicator of intent." *Id*. ¶ 8 (internal quotation marks and citation omitted). "Where the language of a judgment or decree is clear and unambiguous, it must stand and be enforced as it speaks."

*Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 41, 388 P.3d 998 (omission, alterations, internal quotation marks, and citation omitted). However, when an order or judgment has some ambiguity or uncertainty, it may be construed in the light of the pleadings, other portions of the judgment, findings, and conclusions of law. *See Greer v. Johnson*, 1971-NMSC-127, ¶ 8, 83 N.M. 334, 491 P.2d 1145 (noting that where a judgment contains an ambiguity or uncertainty, that language must be construed "in the light of the pleadings, the remaining portions of the judgment, the findings of fact and conclusions of law"); *Dunham v. Stitzberg*, 1948-NMSC-037, ¶ 44, 53 N.M. 81, 201 P.2d 1000 (stating that the "pleadings, findings and conclusions, may be resorted to if necessary to interpret or explain an ambiguous judgment"), *overruled on other grounds by In re Conley's Will*, 1954-NMSC-112, 58 N.M. 771, 276 P.2d 906. In this regard, the judge who issues the order or judgment is in the best position to clarify any ambiguity in the order because that judge is familiar with the entire record and all the circumstances under which it was issued. *See Bauer v. Bauer*, 60 A.3d 950, 955 (Conn. 2013). "For that reason, substantial deference is accorded to a court's interpretation of its own order" and "we will not disturb a trial court's clarification of an ambiguity in its own order unless the court's interpretation of that order is manifestly unreasonable." *Id*. (omission, internal quotation marks and citation omitted). *See Pacheco v. Cohen*, 2009-NMCA-070, ¶ 12, 146 N.M. 643, 213 P.3d 793

(agreeing that the district court's interpretation of its own order was not an abuse of discretion).

**B.     Analysis**

{15}     Fannie Mae contends that the post-judgment order improperly enjoins it from enforcing the note and mortgage with respect to breaches or defaults occurring after those alleged in the original foreclosure action. Specifically, Fannie Mae argues that the dismissal with prejudice "does not bar subsequent enforcement efforts in the event of a future default." In support of its argument, Fannie Mae refers us to *Singleton v. Greymar Assocs.*, 882 So. 2d 1004 (Fla. 2004).

{16}     *Singleton* is a case on the res judicata effect of an order dismissing a mortgage foreclosure complaint with prejudice on a subsequent complaint for foreclosure. Res judicata is also called claim preclusion, and we use both terms interchangeably here. "The doctrine of res judicata is founded on principles of fairness and justice, and ensures finality, advances judicial economy, and avoids piecemeal litigation. To achieve these purposes, res judicata bars litigation of claims that were or could have been advanced in an earlier proceeding." *Fogelson v. Wallace*, 2017-NMCA-089, ¶ 16, 406 P.3d 1012 (alteration, internal quotation marks, and citations omitted). Res judicata will bar a subsequent action where: "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two

12

suits are the same, and (4) the cause of action is the same in both suits." *Id*. ¶ 17 (internal quotation marks and citation omitted).

{17}     The res judicata effect of the order of dismissal with prejudice is not before us in this appeal. That is, this appeal does not arise from a dismissal on res judicata grounds of a complaint for foreclosure filed subsequent to the order of dismissal with prejudice. *See Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶¶ 17 n.6-18, 87 A.3d 741 (noting that in an appeal from an order dismissing a complaint for foreclosure with prejudice as a sanction, the res judicata effect of the order is not before the appellate court). We are therefore not required to decide which line of cases to follow where the claim is that an earlier dismissal of a complaint for foreclosure with prejudice precludes, on res judicata grounds, the filing of a second complaint for foreclosure. One line of cases concludes that the dismissal of a complaint for foreclosure with prejudice does not bar the filing of a second complaint based on the failure to make a timely payment after the dismissal, even if both suits seek to accelerate all the payments on the note because they view each failure to make a timely payment on the note as a separate breach. Examples are *Singleton*, 882 So.2d at 1088, and *Afolabi v. Atlantic Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1175 (Ind. Ct. App. 2006). *See also In re Rogers Townsend & Thomas, PC*, 773 S.E.2d 101, 104-08 (N.C. Ct. App. 2015) (holding that a rule barring a third action after two voluntary

dismissals of the same claims does not bar a third foreclosure action where the periods of claimed defaults are different). A second line of cases concludes that if the mortgagee elects to trigger the acceleration clause of the note, the obligation to pay each installment merges into one obligation to pay the entire balance due under the note, and a dismissal of the complaint for forfeiture with prejudice bars the filing of a second suit seeking the same relief. Examples are *Johnson v. Samson Constr.Corp.*, 1997 ME 220, ¶¶ 3-4, 704 A.2d 866, and *U.S. Bank Nat'l Ass'n v. Gullotta*, 120 Ohio St. 3d 399, 2008-Ohio-6268, ¶¶ 3-5; 30-32, 899 N.E.2d 987. The differing views, public policies, and ramifications are discussed in the majority and dissenting opinions in *Cenlar FSB v. Malenfant*, 2016 VT 93, 203 Vt. 23, 151 A.3d 778.

{18}     Again, the appeal before us is from the district court's interpretation and enforcement of its order of dismissal with prejudice. We therefore construe Fannie Mae's reference to *Singleton* as support for its assertion that the district court's interpretation of its own order of dismissal with prejudice is "manifestly unreasonable." *See Bauer*, 60 A.3d at 957. We are not persuaded.

{19}     In construing her order, Judge Singleton stated that by her ruling, she intended that SunTrust "was not going to be allowed to pursue the remedy that it sought." We look to the complaint to determine what the remedy is that SunTrust was seeking. The complaint for foreclosure alleges that Chiulli signed a promissory note promising to

14

pay $163,200 in equal monthly installments until paid, and that the note was secured by a mortgage. The complaint claims that Chiulli failed to pay pursuant to the note, that a notice of default and demand for cure of the default had been made as required by the note and mortgage, and that Chiulli failed or refused to cure the default. SunTrust further alleged that the unpaid principal balance on the note was $158,245.21 with interest, and that under the mortgage it had the option of declaring all sums owed under the note immediately due. SunTrust asserted it "hereby exercises this option." The remedy pursued by SunTrust was to foreclose the lien on the property securing the note, that the property be sold, and that SunTrust have a judgment in rem in the total amount of the unpaid principal balance in the amount of $158,245.21 plus interest until fully paid. Looking to these pleadings to determine what the remedy is that SunTrust was seeking in the complaint for foreclosure, we come to the undeniable conclusion that it was invoking the acceleration clause in the contract documents to obtain an *in rem* judgment for the entire unpaid balance due on the contract, plus interest. *That* is the relief it was seeking, and *that* was the claim that was dismissed with prejudice. There is no further debt under the note and mortgage, because the claim for the entire amount has already been dismissed with prejudice. SunTrust (and now Fannie Mae) are therefore precluded from seeking any relief under the note and mortgage after entry of the order of dismissal. This

15

interpretation of the pleadings is more consistent with the reasoning of *Johnson*, 704 A.2d 866 and *Gullotta*, 2008-Ohio-6268. In looking to the pleadings to clarify *what* remedy was dismissed "with prejudice" as *Greer*, 1971-NMSC-127, and *Dunham*, 1948-NMSC-037, teach, we cannot conclude that Judge Singleton's interpretation of her order is "manifestly unreasonable."

{20}    We hold that Judge Singleton's ruling that the order dismissing SunTrust's complaint for foreclosure "with prejudice" precludes SunTrust (and now Fannie Mae) from pursuing any action on the mortgage and note is not manifestly unreasonable.

**CONCLUSION**

{21}    The post-judgment order enforcing the order of dismissal with prejudice as amended is affirmed.


_____

**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____

**JULIE J. VARGAS, Judge**


_____

**STEPHEN G. FRENCH, Judge**

16