This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALBERT SERRANO,**

Worker-Appellee,

v.                                                     **NO. A-1-CA-35837**

**LOS ALAMOS NATIONAL LAB,**
**AND CCMSI (TPA),**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, Workers' Compensation Judge**

LeeAnn Ortiz
Albuquerque, NM

for Appellee

Camp Law, LLC
Minerva Camp
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**VIGIL, Judge.**

**{1}** Los Alamos National Laboratories (Employer) appeals from the Workers' Compensation Judge's (WJC) order partially denying Employer's motion to reconsider the WCJ's Supplemental Compensation Order granting Worker's application for a finding of bad faith and/or unfair claims processing practices. Employer argues that the WCJ erred, for purposes of determining whether it engaged

in unfair claims processing practice, in using Worker's physical capacity of "Light" as defined in NMSA 1978, Section 52-1-26.4(C)(3) (2003) to decide whether Worker unreasonably rejected Employer's return to work offer, as opposed to using the actual return to work restrictions placed upon Worker by his authorized health care provider. We affirm. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

**{2}** After a trial on the merits, the WCJ filed a Compensation Order in which it found and concluded the following: Worker was in an accident and suffered a compensable injury to his shoulder on October 17, 2012. "Worker reached maximum medical improvement (MMI) on April 19, 2013." "Worker is medically restricted, after MMI, to activities which are at a Light duty level of exertion." The "terms HEAVY, MEDIUM, LIGHT, AND SED[E]NTARY have the meanings set

2

forth in Section 52-1-26.4." "Worker's pre-injury physical capacity was Heavy; Worker's post-injury physical capacity is Light[.]" "Worker's Impairment Rating plus modifiers (Age, Education, SVP, Training), multiplied by the residual physical capacity, provides Worker with a PPD [Permanent Partial Disability] rate of 68%." As a result, the WCJ concluded, because Employer terminated Worker "due to a reduction in [work]force" and Worker had not voluntarily quit or volunteered for the reduction in workforce, "Worker is entitled to [modifier-based] PPD [in the amount] of 68% of his weekly compensation rate from April 18, 2013[,] forward until the expiration of his benefit entitlement period, return to work, or further Order of [the Workers' Compensation Administration (WCA)]." Employer filed a notice of appeal of the Compensation Order, which Employer later withdrew and was subsequently dismissed.

{3}     Worker cross[-]appealed, which raised the issues of whether the WCJ "erred in permitting any of  Dr. [Marjorie Eskay-]Auerbach's opinions [regarding Worker's impairment rating] to be admitted into evidence" and "erred in determining that Worker's permanent impairment rating was 13%, rather than 18% as determined by the authorized health care provider Dr. [Herbert V.] Rachelson." The cross-appeal was resolved in this Court's memorandum opinion in *Serrano v. Los Alamos National Laboratories*, No. A-1-CA-33922, mem op. (N.M. Ct. App. Aug. 5, 2015) (non-precedential). We held that Dr. Auerbach's opinions were

3

improperly admitted. *Id.* ¶¶ 4-8. We therefore reversed and remanded to the WCJ for further proceedings, stating that Worker was entitled on remand to apply for an order from the WCJ that his impairment rating is 18%. *Id.* ¶¶ 9-10. On remand, the WCJ filed an order denying Worker's application for a determination that Worker's impairment rating is 18%, concluding that based on Dr. Rachelson's trial testimony, Worker's impairment rating is 13%.

{4} On January 15, 2015, during the pendency of Worker's cross-appeal, Employer made a return to work offer to Worker, pursuant to NMSA 1978, Section 52-1-50.1 (1990), which Employer stated would remain open until January 26, 2015. The offer was for a position with Employer as a general foreman with wages equal to $1,033.44 per week. The offer stated that the physical requirements of the position "will not exceed lifting above [twenty-five] pounds and no above the shoulder/overhead lifting." "Please be advised[,]" the offer concluded, "refusal of this offer will affect your workers' compensation benefits."

{5} Worker did not respond to Employer's return to work offer. When the offer expired, Employer unilaterally reduced its payment of PPD benefits to Worker, without obtaining an order from the WCJ, to an amount equivalent to Worker's impairment rating without modifiers. When Employer rejected Worker's subsequent request for payment of PPD with modifiers as the WCJ ordered in the Compensation Order, Worker filed an application seeking "an award of bad

4

faith/unfair claims processing and a Supplemental Compensation Order enforcing the Compensation Order."

{6}     In his application for a finding of bad faith and/or unfair claims processing, Worker asserted that the compensation order states "Worker is entitled to PPD at the rate of 68% of his weekly compensation rate from April 18, 2013[,] forward until the expiration of his benefit entitlement period, return to work, or further [o]rder of [the WCA,]" but that Employer had paid only a reduced benefit since January 2015 on grounds that Worker unreasonably refused a job offer during the same period. Given that there had been no further order of the WCJ regarding payment of PPD to Worker since the filing of the Compensation Order, Worker asserted PPD had been underpaid to Worker since January 2015, and that Employer was "not entitled to unilaterally determine whether or not Worker unreasonably refused a job offer." Worker therefore requested an order requiring Employer to pay to him:

> the PPD benefits owing since January 2015 at the total disability rate of 68%, $468.49 per week, based on the Compensation Order. Pursuant to NMSA 1978, [S]ection 52-1-28.1 [(1990)], Worker also requests a benefit penalty of [25%] of the underlying indemnity benefits due and owing as of this date, plus attorney's fees to be paid 100% by Employer/Insurer and post-judgment interest at the judgment rate awarded of 8.75% on any amount awarded.

5

**{7}**     Employer responded that Worker's bad faith and/or unfair claims processing claim was without merit because it "extended a return to work offer to Worker within his permanent physical restrictions at his pre-injury wages[,]" which Worker denied. Employer argued that because "Worker refused post injury, post MMI employment with . . . Employer . . . [,] his entitlement to modifier benefits had expired" and Worker's application should be denied.

**{8}**     The WCJ filed a Supplemental Compensation Order granting Worker's application for finding of bad faith and/or unfair claims processing practices, in which the WCJ found and concluded the following: Employer extended to Worker a return to work offer to Worker on January 15, 2015, and that "Worker received, . . . but did not respond to it." Employer thereafter "reduced Worker's PPD benefits to an amount equivalent to Worker's impairment rating" without modifiers for failure to respond to the return to work offer. "Subsequent to reaching MMI, Worker's physical capacity was set at Light" as defined in Section 52-1-26.4, which means "the ability to lift up to twenty pounds occasionally or up to ten pounds frequently." Employer's return to work offer states that the physical requirements for the job "will not exceed lifting above [twenty-five] pounds" and therefore "does not conform to Worker's physical limitations." "It is not unreasonable for Worker to decline Employer's job offer when said offer does not conform to Worker's physical limitations." The WCJ concluded that although

6

Employer attempted to extend a bona fide return to work offer to Worker, Employer "did engage in unfair claims processing, as that terms is defined at 11.4.1.7(W) [NMAC], when its actions (intentional or not) resulted in an unreasonable delay in the payment of benefits to Worker." The WCJ therefore ordered:

> a.      Employer shall pay Worker modifier benefits due from the time said benefits were reduced to the present, plus interest at the rate of 8.75%, continuing until such time as the underlying benefits are fully paid to Worker;
> b.      Employer shall reinstate Worker's PPD benefits at the rate of 68% of his compensation rate in accord with the *Compensation Order* of June 26, 2014; [and]
> c.      Employer shall pay a penalty of 5.25% of the underlying indemnity benefits due and owing at the date of this Order[.]

{9}     Employer filed a motion for reconsideration, pursuant to Rule 1-060(B)(6) NMRA, arguing that the WCJ erred in using Worker's physical capacity of "Light" as defined in Section 52-1-26.4 to determine whether Worker unreasonably rejected Employer's return to work offer as opposed to using the actual return to work restrictions placed upon Worker by his authorized health care provider. Employer further asserted that "[e]mployers have a duty to mirror return to work offers of employment with the specifics of each individual's actual return to work restrictions determined by the authorized healthcare providers, not legal compensation orders using rigid legislatively defined categories for computing

7

benefit entitlement. The two concepts are not the same." Contending that the medical evidence supported a twenty-five pound return to work restriction, Employer requested modification of any and all compensation orders entered in the case that reflected a "Light" category for modifier purposes, pursuant to reflect Worker's authorized health care provider's actual return to work restrictions for Worker of twenty-five pounds occasionally, fifteen pounds frequently, and no overhead lifting.

{10}     Worker responded, asserting that pursuant to the Compensation Order, which is the law of the case, Worker's physical capacity is limited to "Light" duty work—i.e., Worker is restricted to lifting up to twenty pounds occasionally and ten pounds continuously. Because Employer's return to work offer stated that the physical requirements for the job would not exceed lifting above twenty-five pounds, this physical requirement was beyond the judicially determined twenty pound lifting restriction as a matter of law, and Employer's motion for reconsideration should be denied.

{11}     The WCJ filed an order denying in part Employer's motion for reconsideration. While reaffirming that Employer engaged in unfair claims processing practice in causing an unreasonable delay in payment of benefits to Worker, the WCJ reduced the award due to Worker.  The WCJ ordered:

8

> 1. Employer does not have to pay post-judgment interest for a period of twelve (12) weeks of the total post-judgment interest owed.
> 2. The penalty owed by Employer for unfair claims processing practice is 2.5%.
> 3. In all other respects, Employer's Motion for Reconsideration is denied.

In so concluding, the WCJ made the following findings and conclusions: Although "Employer's offer requires Worker to lift up to [twenty-five] pounds occasionally, within the lifting restriction placed on Worker by" his authorized health care provider, pursuant to the Compensation Order, which is the law of the case, "Worker was placed in a Light category because a Medium category requires Worker to lift [twenty-five] pounds frequently." Testimony introduced by Employer at the hearing on Worker's application for a finding of bad faith and unfair claims processing practices showed that "Employer's return to work offer could have accommodated any restriction placed on Worker because the offered position was purely supervisory and required minimal lifting, if at all." "Employer's assertion of minimal lifting requirements signifies that Employer could have offered Worker return to work within the Light category where Worker was placed by the *Compensation Order*[.]"

{12} Further, the WCJ found that "[t]here was a lengthy delay from the time Worker's benefits were suspended[, after January 26, 2015,] until such time as this matter was resolved" by the Supplemental Compensation Order on June 13, 2016.

9

The WCJ concluded that the delay in resolution of Employer's return to work offer to Worker and suspension of Worker's PPD modifier benefits resulted from the fact that the case was pending in the Court of Appeals. The WCJ specifically recognized that "Employer could have waited until this matter was resolved before suspending Worker's PPD modifier benefits"; "Employer could then have sought a credit for benefits paid had they prevailed on the issue of suspension of benefits." Rather, "Employer unilaterally decided to suspend Worker's benefits after he did not affirmatively respond to Employer's return to work offer." The WCJ therefore reaffirmed that "[i]t is not unreasonable for Worker to reject a return to work offer that is outside the Light category assigned to Worker, especially in light of Employer's position that Worker's return to work offer could have included only minimal lifting requirement" and that "Employer's actions resulted in an unreasonable delay in the payment of benefits to Worker." Employer appeals the WCJ's partial denial of his motion for reconsideration.

**DISCUSSION**

**I.      Standard of Review**

**{13}**      Rule 1-060(B)(6), under which Employer's motion for reconsideration was brought, provides that "[o]n motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the

judgment[.]" We generally review the denial of Rule 1-060(B) motion for reconsideration for an abuse of discretion. *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 17, 392 P.3d 194; *see Lopez v. Sears, Roebuck & Co.*, 1981-NMCA-058, ¶¶ 3-7, 96 N.M. 143, 628 P.2d 1139 (construing the employer's motion to vacate a default judgment against it as brought, pursuant to Rule 1-055 NMRA and Rule 1-060, and reviewing the motion for an abuse of discretion). A trial court abuses its discretion where it is "shown that the court's ruling exceeds the bounds of all reason or that the judicial action taken is arbitrary, fanciful, or unreasonable." *Kirschenbaum*, 2017-NMCA-030, ¶ 17 (internal quotation marks and citation omitted).

**II.     Analysis**

{14}     Advancing the same argument raised in its response to Worker's application for finding of bad faith and/or unfair claims processing and in its motion for reconsideration, Employer contends that the WCJ erred in using Worker's physical capacity of "Light" as defined in Section 52-1-26.4 to determine whether Worker unreasonably rejected Employer's return to work offer instead of using the actual return to work restrictions placed upon Worker by his authorized health care provider.

{15}     Worker responds that "[d]espite the fact that modifier-based PPD benefits were originally awarded" in the Compensation Order (the appeal of which was

abandoned) and subsequently were reaffirmed in the Supplemental Compensation Order and order partially denying Employer's motion for reconsideration, "Employer continues to refuse to pay modifier-based PPD benefits to Worker" in violation of the WCJ's orders. Therefore, Worker contends, "Employer's current appeal should be limited to a review of whether the penalties ordered [in the WCJ's order partially denying Employer's motion for reconsideration] for non-payment of modifier-based PPD was error." And "[c]onsidering the purposeful disregard of the WCJ's three prior orders and lengthy delay in payment of benefits owed, post-judgment interest and a 2.5% penalty on the PPD currently owed is reasonable, justified and well within the WCJ's discretion." We agree.

{16}     We begin by recognizing that by abandoning its appeal of the Compensation Order, Employer waived its right to challenge the scope and legal effect of the order with regard to the WCJ's award of modifier-based PPD to Worker, except as expressly permitted by the Compensation Order. *See Fed. Nat'l Mortg. Ass'n v. Chiulli*, 2018-NMCA-054, ¶ 12, 425 P.3d 739 (determining that by abandoning its appeal of the district court's dismissal of its foreclosure complaint with prejudice, Fannie Mae "waived its right to challenge whether the sanction of dismissal with prejudice was an appropriate sanction, its scope or legal effect"). In this regard, the Compensation Order states that "Worker is entitled to [modifier-based] PPD at the rate of 68% of his weekly compensation rate from April 18, 2013 forward *until the*

12

*expiration of his benefit entitlement period, return to work, or further [o]rder of [the WCA].*" (emphasis added). Giving this language its plain meaning and following the principle that a "judgment or final order of a court having jurisdiction of the subject-matter and the parties, however erroneous, irregular, or informal such judgment or order may be, is valid until reversed or set aside[,]" we conclude that Employer was bound by the Compensation Order to pay Worker modifier-based PPD until the expiration of the benefit entitlement period, return to work by the Worker, or until otherwise ordered by the WCJ. *See Acequia Del Llano v. Acequia De Las Joyas Del Llano Frio*, 1919-NMSC-001, ¶ 9, 25 N.M. 134, 179 P. 235; *Chiulli*, 2018-NMCA-054, ¶ 14 (stating that the plain meaning of the language used in an order is the primary indicator of the court's intent and that where the language of an order is clear and unambiguous, "it must stand and be enforced as it speaks" (internal quotation marks and citation omitted)). It follows that notwithstanding Worker's failure to respond to Employer's January 2015 return to work offer, Employer was required to continue to pay him modifier-based PPD benefits until the expiration of his benefit entitlement period, return to work, or further order of the WCJ.

**{17}** Further, we conclude that the WCJ did not abuse its discretion in reducing the penalty awarded to Worker based on its finding that Employer engaged in unfair claim processing practices suspending its payments of modifier-based PPD

13

benefits to Worker without an order from the WCJ. *See* Section 52-1-28.1(A) ("Claims may be filed under the Workers' Compensation Act alleging unfair claims-processing practices . . . by an employer, insurer or claim-processing representative relating to any aspect of the Workers' Compensation Act."); 11.4.1.7(W) NMAC (stating that "[u]nfair claims processing" is defined as "any practice, whether intentional or not, which unreasonably delays or prolongs the payment of benefits at a rate not consistent with the act"). As we have already stated, the WCJ made the following findings and conclusions in its order partially denying Employer's motion for reconsideration: Pursuant to the Compensation Order, Worker's residual physical capacity is "Light" as defined at Section 52-1-26.4(C)(3). The physical requirement for the position stated in the January 2015 return to work offer exceeds the limitations of an individual with a residual physical capacity of Light. It was therefore "not unreasonable for Worker to reject a return to work offer that is outside the Light category assigned to Worker, especially in light of Employer's position that Worker's return to work could have included only minimal lifting requirement." However, based upon Worker's failure to respond to Employer's return to work offer, "Employer unilaterally decided to suspend Worker's benefits." "There was a lengthy delay from the time Worker's benefits were suspended until such time as this matter was resolved" by the Supplemental Compensation Order. Employer could have waited until the

14

Worker's cross-appeal and the issue of the propriety of Worker's continued entitlement to receive modifier-based PPD was resolved before suspending Worker's modifier-based PPD benefits. "Employer could then have sought a credit for benefits paid had they prevailed on the issue of suspension of benefits."

{18}   On the basis of these findings and conclusions, the WCJ reasonably concluded that "Employer's actions resulted in an unreasonable delay in the payment of benefits to Worker[,]" and therefore unfair claims processing practice. However, considering the medical evidence tendered by Employer showing that its return to work offer to Worker, which would have required him to "lift up to [twenty-five] pounds occasionally," was "within the lifting restriction placed on Worker" by his authorized health care provider, the WCJ also reasonably reduced the penalty awarded to Worker for Employer's unfair claims processing practice. Accordingly, we determine that the WCJ did not abuse its discretion in reducing the penalty awarded to Worker from 5.25% to 2.5% of the underlying benefits due and owing at the date of the Supplemental Compensation Order and also in relieving Employer from twelve weeks of the total-post judgment interest owed, pursuant to the Supplemental Compensation Order.

**CONCLUSION**

{19}   The order of the WCJ partially denying Employer's motion for reconsideration is affirmed.

15

{20}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**HENRY M. BOHNHOFF, Judge**