This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39804**

**NATIONSTAR MORTGAGE LLC,**

Plaintiff-Appellant,

v.

**LYNDA R. BRASHAR and STEVEN E. PATAMIA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Francis J. Mathew, District Court Judge**

The Sayer Law Group, P.C.
Janelle G. Ewing
Waterloo, IA

Troutman Pepper Hamilton Sanders LLP
Rachel B. Ommerman
Atlanta, GA

for Appellant

The Simons Firm, LLP
Quinn Scott Simons
Thomas A. Simons, IV
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**    The district court in the present case (1) found an affidavit supporting standing to foreclose to be "a sham and false" and struck the affidavit; (2) granted summary judgment in favor of Defendant Lynda Brashar and an unknown tenant (Defendants), based on a lack of standing; and (3) dismissed with prejudice the foreclosure action brought by Plaintiff Nationstar Mortgage LLC (Nationstar). On appeal, Nationstar contends that the district court improperly resolved a disputed question of fact as to the affidavit and regardless, should have dismissed the foreclosure action for lack of standing without prejudice. We conclude first that Nationstar failed to demonstrate that the district court abused its discretion in striking the affidavit, *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063, and second that the district court appropriately dismissed the complaint with prejudice as a sanction against Nationstar. We therefore affirm.

**BACKGROUND**

**{2}**    Nationstar filed a complaint for foreclosure in 2016 and to establish standing, attached a lost note affidavit to the complaint, which was dated September 9, 2016 (the 2016 Affidavit). *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶¶ 14, 20, 369 P.3d 1046 (discussing the relevant requirements for standing). During discovery, Nationstar produced another affidavit titled, "Affidavit of Lost Original Instrument," dated September 30, 2015 (the 2015 Affidavit). Defendants filed a motion for summary judgment and sought dismissal with prejudice. As grounds, Defendants argued that (1) the 2015 Affidavit did not satisfy the requirements to establish standing; and (2) the 2016 Affidavit was not based on personal knowledge and "constitute[d] an attempted fraud upon the [c]ourt itself." Nationstar responded with a motion for voluntary dismissal without prejudice.

**{3}**    At the hearing on both motions, Defendants raised the issue of dismissal as a sanction. The district court denied Nationstar's motion and reserved ruling on Defendants' summary judgment motion. The district court indicated that an evidentiary hearing would be held to evaluate a potential Rule 1-011 NMRA violation and whether the court had been purposefully misled. The district court explained as follows:

> I am reserving on that motion because I need an evidentiary hearing. The reason I need an evidentiary hearing is because I think Defendant has raised enough for me to seriously consider whether I've got a Rule [1-0]11 violation and a fraud on the court and I don't think I can do it on briefs. I'm going to have a hearing, which I will set and give the parties notice of, that will focus on how there are two affidavits and whether the Plaintiff did in fact have possession of this note ever and whether this Exhibit A affidavit was drafted for the purpose of getting around problems with respect to both standing and enforcement and if I find that this court has been purposely misled or that Rule [1-0]11 was violated, I will dismiss with prejudice.

Nationstar did not object to the district court's proposal to hold an evidentiary hearing and after presenting evidence at the evidentiary hearing, argued that the 2016 Affidavit was not fraudulently created to "get around standing." Defendants responded that the district court had "good ground to impose Rule [1-0]11 sanctions in this matter" because such sanctions "are appropriate when a party or attorney deliberately presses an unfounded claim, and that's exactly what they've done here since the very beginning." The district court subsequently entered an order granting Defendants' summary judgment motion with prejudice. In that order, the district court cited Rule 1-011, struck the 2016 Affidavit as "a sham and false," determined that Nationstar failed to prove standing, and dismissed the foreclosure complaint with prejudice. This appeal followed.

**DISCUSSION**

{4}     Nationstar asks this Court to review the district court's grant of summary judgment de novo and reverse because the existence of the two affidavits created a dispute of fact "as to which lost note affidavit was accurate" and because the proper remedy for failure to prove standing is dismissal without prejudice. In considering the affidavits, however, the district court did not appear to be addressing Defendants' motion for summary judgment, despite including all of the findings in an order titled, "Summary Judgment." The district court instead determined that Nationstar and its attorneys had, by use of the 2016 Affidavit, violated Rule 1-011(A) and committed sanctionable conduct. We therefore decline to view the portion of the order striking the affidavit as a summary judgment determination and review the district court's rulings regarding the affidavits under Rule 1-011(A) and the dismissal of the complaint with prejudice as a sanction. We begin our analysis with Rule 1-011(A).

**I.      Nationstar Did Not Meet Its Burden on Appeal to Establish That the District Court Abused Its Discretion in Striking the 2016 Affidavit**

{5}     We review the district court's imposition of Rule 1-011 sanctions for abuse of discretion. *See Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 12, 140 N.M. 395, 142 P.3d 983. Rule 1-011(A) provides, "The signature of an attorney . . . constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The "good ground" provision permits sanctions "where a pleading does not assert a colorable claim or, in other words, is not warranted by existing law or a reasonable argument for its extension." *Rangel*, 2006-NMCA-120, ¶ 11 (internal quotation marks and citation omitted). This Court has explained that

> [a]ny violation depends on what the attorney knew and believed at the relevant time and involves the question of whether the attorney was aware that a particular pleading should not have been brought. For Rule 1-011 sanctions to be appropriate, there must be subjective evidence that a willful violation has occurred.

*Id.* (omissions, internal quotation marks, and citation omitted). "[W]hen sanctions are involved, a district court is generally required to enter findings." *Id.* ¶ 26.

**{6}** The district court's order found as follows. Nationstar knew that the 2015 Affidavit was in its file and knew that the 2015 Affidavit stated that the note had never been in Nationstar's possession, but a law firm representing Nationstar nevertheless drafted the 2016 Affidavit, which stated that the note was lost while in Nationstar's possession. The 2016 Affidavit was signed on September 9, 2016, after our Supreme Court "address[ed] standing and when it must be established" in *Johnston*, 2016-NMSC-013, ¶ 27 (requiring a foreclosure plaintiff to establish that it had standing at the time of filing the foreclosure complaint). Defendants had requested discovery, but Nationstar did not provide any documents until Defendants retained counsel. At the evidentiary hearing, Nationstar attempted to support the 2016 Affidavit with hearsay testimony and an unsigned exhibit that had not been produced in discovery. Nationstar disputes none of these findings.

**{7}** Based on these findings, the district court concluded that the 2016 Affidavit "is apparently false and misleading, and its use herein was an apparent attempt to mislead the [c]ourt and prejudice . . . Defendants" and ruled that it "should be stricken as a sham and false." Nationstar's conduct and the conduct of its attorneys, the district court determined, was "sanctionable" and the "use of" the 2016 Affidavit to establish standing "was an apparent violation of Rule 1-011." *See* Rule 1-011(A) (providing that a pleading signed by an attorney is a certification that the attorney believes "there is good ground to support it" and if a pleading "is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false"). The district court found that Nationstar's attorneys knew about the 2015 Affidavit, knew about its deficiencies, created the 2016 Affidavit to mislead the court and prejudice Defendants, did not adequately support the contents of the 2016 Affidavit at the evidentiary hearing, and did not produce the 2015 Affidavit until Defendants retained an attorney. Based on these findings, the district court determined that filing the 2016 Affidavit with the complaint for foreclosure was a willful violation of Rule 1-011(A). *See Rangel*, 2006-NMCA-120, ¶ 11.

**{8}** The district court's findings considered the existence of the two affidavits, the discrepancies between them, and the timing of their creation in relation to changes in the law of proving foreclosure standing. The district court did not credit Nationstar's witness testimony at the evidentiary hearing because the witness testimony relied on hearsay and an untrustworthy document to support the 2016 Affidavit. Based on this evidence together with the knowledge and actions of Nationstar and its attorneys, the district court determined that the use of the "apparently false and misleading" 2016 Affidavit was "an apparent attempt to mislead the [c]ourt and prejudice . . . Defendants." We conclude that this evidence supported the district court's determination that a willful Rule 1-011 violation occurred and the decision to strike the 2016 Affidavit as a sham and false. *See Rangel*, 2006-NMCA-120, ¶ 32 (considering whether evidence supported a conclusion that an attorney willfully brought an unfounded claim in violation of Rule 1-011). Nationstar has not met its burden on appeal to demonstrate that the district court was incorrect as a matter of law in striking the 2016 Affidavit under the circumstances

that we have described, and we therefore hold that the district court did not abuse its discretion in doing so. *Cf. id.* ¶ 25 (reversing the district court's order imposing Rule 1-011 sanctions because the district court based "its ruling on an erroneous view of the law" (internal quotation marks and citation omitted)).

## II.     The District Court Dismissed the Foreclosure Action With Prejudice as a Sanction

**{9}**     Having struck the 2016 Affidavit, the district court ruled that Nationstar had failed to establish standing and dismissed the case with prejudice. Nationstar argues that the resulting dismissal should have been without prejudice. As Nationstar notes, however, the district court may "enter dismissal with prejudice as a sanction." *See Fed Nat'l Mortg. Ass'n v. Chiulli*, 2018-NMCA-054, ¶ 12, 425 P.3d 739 ("At the core of judicial authority is a court's inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." (alteration, internal quotation marks, and citation omitted)). Though we "more closely scrutinize . . . the severe sanction of dismissal," we review the district court's decision to sanction a party "under an abuse of discretion standard." *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972. In order to dismiss a case with prejudice as a sanction, the district court must consider "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 20, 416 P.3d 264 (internal quotation marks and citation omitted). The proceedings and findings that we have already set forth demonstrate that the district court considered the degree of prejudice to Defendants, the interference with the court, and Nationstar's culpability. *See id.* ¶ 20. As a result, we conclude that the district court did not abuse its discretion in determining that dismissal with prejudice was an appropriate sanction under the circumstances.

**{10}**     Nationstar contends that the case was not dismissed as a sanction, because Defendants later filed a separate motion for sanctions and only then sought dismissal with prejudice. We are unpersuaded. Defendants raised the issue of dismissal with prejudice and sanctions in their summary judgment motion and at the motion hearing. After the district court entered the order granting summary judgment and dismissing with prejudice, Defendants filed a motion for sanctions and requested attorney fees and costs. At the hearing on that motion, the district court stated, "When I granted summary judgment, I dismissed this case with prejudice so it couldn't be brought again—not in any way looking at your fees, but that's quite a sanction isn't it?" In denying the motion for sanctions, the district court explained, "When I issued my decision with respect to the summary judgment motion, granted it, with prejudice, in my mind that was a considerable sanction and sufficient sanction for purposes of the matter that was before me. So I am going to deny the motion for further sanctions." The record thus supports our conclusion that the district court viewed the dismissal with prejudice as a sanction and that the district court's findings supported imposition of the sanction. *See id.*

## CONCLUSION

**{11}**  For these reasons, we affirm the district court.

**{12}   IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**MICHAEL D. BUSTAMANTE, Judge**
**retired, sitting by designation**